U. S. DISTRICT COURT
Eastern District of Louisiana

FILED JUN 2 4 2005

LORETTA G. WHYTE
Clerk

United States District Court
Eastern District Of Louisiana

| | | |
|---|---|---|
| United States Of America | : | Criminal Action |
| Versus | : | No. 00-316 |
| Evaristus Mackey | : | Section "F" (2) |

## Rule 60 Motion For Relief Of Judgement

Comes Now, into court, in proper person, proceeding pro-se, Evaristus Mackey, to present to this honorable court the following:

In accordance with Rule 60(a)..."errors therein arising from oversight or omission may be corrected by the court at any time"...

In accordance with Rule 60(b)(1) mistakes; 60(b)(3) fraud; and 60(b)(5)..."a prior judgment upon which it is based has been reversed or otherwise vacated or 60(b)(6) any other reason justifying relief... defendant asserts to this honorable court the following.

_Fee_
_Process_
X Dktd
X CtRmDep
_Doc. No_

## Inaccuracies In PSI

Defendant asserts this claim under counsel's ineffectiveness not appealing the issue is cause and petitioner was prejudiced never having the issue reviewed on direct and convicted to an illegal sentence.

Paragraph-15- Base Offense Level... The use of 3D1.2 grouping of all three counts was not charged in the indictment and proven beyond a reasonable doubt to the jury as this was a jury trial. The opening base offense level is for two (prior convictions) - [not three as required for 924(e) provisions] that of level 24 under 2K2.1 (a)(2), defendant asserts that in accordance with 4B1.2 (c)(2) the date a defendant sustained a conviction shall be the date of guilt of the defendant has been established... there is only one date of guilt involved with defendant State Priors and the accurate base offense level should be opening at 20 in accordance with 2K2.1.

Paragraph-16 Specific Offense Characteristics As per 2K2.1 (b)(5) a four level enhancement if the defendant used or possessed any firearm in connection with another felony offense. The only offense charged in the indictment was 922(g)(1) and 924(e)(1) where 2K2.1 (b)

(5) was not charged in the indictment and proven to the jury beyond a reasonable doubt under 6th Amend. jury trial proceedings violating defendant's 6th Amend. rights.

Paragraph-31 Chapter Four Enhancements

The second superseding indictment read to the jury at trial charged 922(g)(1) and 924(e)(1) where the instant offense is not a crime of violence 924(e)(1) does not apply, see; 4B1.2 Commentary Application Note 3 (Career Offender) expressly provides that the instant offense(s) must be crimes of violence or controlled substance offenses of which the defendant was convicted. Under 1988 Sentencing Guideline defendant convicted of being a felon in possession of a firearm would not be found to have committed "crime of violence" for purposes of Armed Career Criminal Act (ACCA); commentary supported that construction, and moreover, subsequent amendment, which stated that it is intended to clarify that offense of unlawful possession of weapon was not crime of violence, would be applied retroactively. U.S. v. Garcia-Cruz, C.A. 9 (CAL) 1994, 40 F.3d 386, offense of illegal possession of firearm by convicted felon was not "crime of violence" qualifying defendant

for career offender status, where indictment failed to charge any conduct beyond mere possession of firearms, U.S. v. Samuels, C.A. 4 (N.C.)1992, 970 F.2d 1312, U.S. v. Shano, C.A. 5 (LA)1992, 955 F.2d 291. Stinson v. U.S., 508 U.S. 36, 123 L.Ed 2d 598, 113 S. Ct. 1913 Held: (a) The court of appeals erred in concluding that the commentary added by amendment 433 is not binding on the federal courts. Commentary which function to "interpret and if [a] guideline or explain how it is to be applied" 1B1.7 controls, and it failure to follow or misreading of such commentary results in a sentence "selected ... from the wrong guideline rang." Williams v. U.S., U.S. 503 US 193, 203, 117 L.Ed 2d would constitude "an incorrect application of the guidelines" that should be set aside under 18 U.S.C. 3742 (f) (1) [18 U.S.C 3742 (f)(1)]. Stinson and Williams are Supreme Court Rulings applied Retroactively, and is applicable in the instant case, making the conduct for which defendant is convicted not criminal and in accordance with Rule 60 relief can be granted.

### Legislative History Of The ACCA

Because Congress intended " to reflect the Solicter General's construction" of the ACCA

when it added the language "committed on occasions different from one another." Congressional intent may thus be discovered in the Solicitor General's brief filed on April 13, 1987 before the S. Ct. in Petty v. U.S. [481 U.S. 1034, 107 S.Ct. 1968, 95 L.Ed 2d 810 (1987)] ["Petty brief"].

"The bill applies to any person who participates in an armed robbery or burglary if that person has been convicted of robbery or burglary on two or more occasions in the past."

As stated by then-Assistant Attorney General Stephen S. Trott armed career criminals are: "people who have demonstrated, by virtue of their definition, that locking them up and letting them go doesn't do any good. They go on again, you lock them up, you let them go, it doesn't do any good, they are back a third time. At that juncture we should say, That's it; time out; it is all over. We, as responsible people, will never give you the opportunity to do this again." Id at 8 (quoting ACCA, Hearing before the Sub. com. on Crime of the House Com. on the Judiciary, 98th Congress, 2d Session at 64 (1984). Clearly, Congress meant for this provision to reach career criminals who have shown they cannot be rehabilitated.

· Note ·

Congressional intent involved, locking them up and letting them go, where a conviction and time served each time would be involved and a defendant would return a third time which is not the case in the instant case cause defendant was only arrested one time on 8-31-92 and released one time on 12-11-97 not meeting the criteria for ACCA as intended by Congress. 924(e)(1) in the instant case is for State of Louisiana Priors from 1992 being charged being charged in the indictment by the Federal Government and convicting petitioner of 924(e)(1) - State Priors from 1992 violates defendant's 5th Amend. right of Double Jeopardy being convicted of the same crime twice. Defendant's priors are state convictions for armed robbery and it is improper double counting using the priors making the sentence illegal. Arbelaez-Osorio v. U.S., E.D. N.Y. 1992, 788 F. Supp. 718.

Paragraph 29 The date of arrest of 9-15-92 is [false] and a fraud upon the court because on 9-15-92 N.O.P.D. Officer "Gaines" got a court order for custody of defendant from [jail] for questioning in reference to other charges and was 'rebooked' on 9-15-92 not arrested calculating two prior convictions was a mistake and relief under Rule 60 should be granted. See attached Police Report.

Paragraph - 33 Pending Charges - charges pending in Orleans, Jefferson Parishes and Lawton Oklahoma are false and a mistake where the Bureau of Prisons has only one detainer for pending charges on defendant from the State of Louisiana Department of Corrections for a parole violation. See; attached Detainer Letter.

Paragraph - 41 There are no "statements" or "documents" on record filed in the instant case supporting the alleged accusation for the use of any drugs nor are there any drugs involved in the case, while defendant was on parole or in prison at any time making this information false and a mistake.

### State Prior(s) Jurisdiction

An "element" of the State Prior convictions is Parole in the instant case. The State of Louisiana Department of Corrections lodged a detainer for a parole violation establishing "State Jurisdiction" over State Prior convictions and never has the State of Louisiana ceded its jurisdiction of the State Priors to the Federal Government nor can the State give jurisdiction of State Priors to the Federal Government where the use of the priors in the instant case is Double Jeopardy. The only law that could be used

to establish the priors before a grand jury is State of Louisiana law where the State has a 3 strike law in effect that defendant do not qualify for because there's not three prior convictions. The statue 924(e)(1) recharacterizes and circumvents the State jurisdiction over the State Priors in the instant case violating defendant's 5th and 6th Amend. Rights. The ruling in Sheppard v. U.S., U.S. 467 (2005) establish that an element is a part of the prior conviction and must be respected. Daniels v. U.S., U.S. No. 99-9136 argued 1-8-01, Justice Kennedy questioned counsel's assertion that the only government with interest in this situation is the Federal Government. Does not the state have an interest in the integrity accorded to its proceedings? he asked. Tamaka said the state had "some minimal interest" but Kennedy retorted the state has a "very strong" interest in having its judgments respected. He pointed out that the state may have its own "three strikes" rule under which it might want to use the priors if the defendant committed another state crime. Filing of prior conviction information against defendant who was charged with distribution of heroin, based on prior narcotics convictions in state court was improper as double penalty provisions of this section may be only applied upon prior federal convictions. U.S. v. Johnson, C.A.7 (Ind) 1974 506 F. 2d 305.

Generally habeas petitioner must show cause and prejudice before court will reach merits of successive, abusive or defaulted claim; however, if he cannot meet this standard, court may hear merits of such claims if failure to hear them would result in miscarriage of justice. Sawyer v. Whitley, La. 1992, 112 S.Ct. 2514, 120 L.Ed. 2d 269.

Defendant has presented cause when counsel never appealed this claim, (1) after arguing at sentencing and (2) being trial and appellate counsel. Prejudice is established by petitioner being convicted to an illegal sentence... No matter how many prior applications for federal collateral review a prisoner has made, if different grounds was presented by new application or "same ground was not adjudicated on merits.".. Sanders v. U.S., Cal (1963) 83 S.Ct. 1068, 373 U.S. 1, 10 L.Ed. 2d 148.

## Conclusion

Defendant has presented a claim that establishes counsel ineffectiveness. Supreme Court ruling in Stinson that establish the conduct by which defendant is being held is "not criminal" warranting relief to be granted under rule 60.

Wherefore: Defendant prays this honorable court grant his Rule 60 Motion on the grounds of counsel ineffectiveness and the conduct by which defendant is being held is "not criminal" appling the Supreme Court ruling in <u>Stinson</u> that applies retroactive to all cases.

Sincerely

Evaristus Mackey

## Certificate Of Service

I, Evaristus Mackey, do hereby and most solemnly swear that a copy of the same was served upon U.S. Asst. Attorney Duane Evans, by depositing a copy in the US Mail this 21st day of June, 2005.

Sincerely,

[signature]

PAGE TWO OF FOUR                     64G                          ITEM # H-48944-92

---

**ARRESTED SUBJECT:**

   EVARISTUS MACKEY, NEGRO MALE, 6 FEET TALL, 170 POUNDS, DOB 5/7/65, B OF I #316436P, SOCIAL SECURITY #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, LOUISIANA DRIVERS LICENSE #002989117, RESIDING AT 1910 FLOOD ST.

**PERSON INTERVIEWED:**

   ARIAN COJOE, NEGRO FEMALE, DOB 4/16/70, SOCIAL SECURITY #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, RESIDING AT 5719 ST. CLAUDE AV., HOME TELEPHONE #945-1523.

**PHOTOGRAPHS SHOWN:**

   1. 316436P (SUSPECT)

   2. 273302P

   3. 231675P

   4. 235902P

   5. 301170P

   6. 276450P

   NOTE: THE PHOTOGRAPHS WERE IN NO PARTICULAR ORDER WHEN SHOWN.

**NARRATIVE:**

   ON MONDAY, AUGUST 31, 1992, WHILE ASSIGNED TO THE ROBBERY DIVISION OF THE CRIMINAL INVESTIGATION BUREAU, DETECTIVE DAVID GAINES WAS NOTIFIED OF AN ARMED ROBBERY WITH AN APPREHENSION AT 3101 S. CARROLLTON AV. UNDER ITEM NUMBER H-50571-92.

   UPON INVESTIGATING THE ROBBERY, THE DETECTIVE NOTED THAT THE METHOD OF OPERATION AS WELL AS THE PHYSICAL DESCRIPTION OF THE ARRESTED PERPETRATOR WAS SIMILAR TO THAT OF THE ROBBERY OF THE TIME SAVER LOCATED AT 2223 BROADWAY ST. ON AUGUST 30, 1992.

   NEXT THE DETECTIVE CHECKED THE ARRESTED SUBJECT'S NAME THROUGH THE MOTION COMPUTER AND LEARNED THAT HE HAD BEEN ASSIGNED THE B OF I #316436P. AFTER OBTAINING A PHOTOGRAPH OF THE ARRESTED SUBJECT THE DETECTIVE COMPILED A PHOTOGRAPHIC LINEUP WHICH CONSISTED OF SIX COLOR PHOTOGRAPHS OF NEGRO MALES WITH SIMILAR CHARACTERISTICS, ONE OF WHICH WAS EVARISTUS MACKEY.

   ON WEDNESDAY, SEPTEMBER 2, 1992, AT 4:20 PM DETECTIVE GAINES TRAVELLED TO 2223 BROADWAY ST. WHERE HE PRESENTED THE PHOTOGRAPHIC LINEUP TO THE VICTIM, ARIAN COJOE. MS COJOE IMMEDIATELY POINTED TO THE PHOTOGRAPH OF EVARISTUS MACKEY AND STATED THAT HE WAS THE SUBJECT WHO ROBBED HER ON AUGUST 30, 1992. THE DETECTIVE THEN ASKED MS COJOE TO SIGN, DATE AND NOTE THE TIME ON THE BACK OF THE PHOTOGRAPH SHE IDENTIFIED. SHE WAS THEN ASKED TO INITIAL AND DATE THE BACK OF THE FILL-IN PHOTOGRAPHS.

ON TUESDAY, SEPTEMBER 15, 1992, AT 2:20 PM DETECTIVE GAINES OBTAINED A COURT ORDER TO RELEASE EVARISTUS MACKEY INTO THE DETECTIVES CUSTODY FOR THE PURPOSE OF AN INTERVIEW. AT 3:30 PM DETECTIVE GAINES ESCORTED THE ARRESTED SUBJECT TO THE ROBBERY UNIT OFFICE WHERE HE WAS VERBALLY ADVISED OF HIS CONSTITUTIONAL RIGHTS. EVARISTUS MACKEY THEN ADVISED DETECTIVE GAINES THAT HE DID NOT WISH TO MAKE ANY STATEMENT UNTIL HE CONSULTED AN ATTORNEY. AT THAT POINT THE ARRESTED SUBJECT WAS ADVISED THAT HE WOULD BE REBOOKED FOR THE ARMED ROBBERY OF THE TIME SAVER, 2223 BROADWAY ST., WHICH OCCURRED ON AUGUST 30, 1992.

EVARISTUS MACKEY IS A SUSPECT IN SEVERAL OTHER ARMED ROBBERIES. UPON COMPLETION OF THESE INVESTIGATIONS THE PHOTOGRAPHIC LINEUP WILL BE PLACED IN THE CENTRAL EVIDENCE AND PROPERTY ROOM AS EVIDENCE.

THE OFFICE OF THE DISTRICT ATTORNEY WILL BE CONSULTED. ANY ADDITIONAL INFORMATION WILL BE SUPPLIED IN ANOTHER SUPPLEMENTAL REPORT.

DET. DAVID GAINES

| NOPD SIGNAL | NEW ORLEANS POLICE DEPARTMENT<br>UNIFORM MOTOR VEHICLE TRAFFIC ACCIDENT REPORT<br>AND INCIDENT REPORT<br>CONTINUATION SHEET | SUPP. STATE COMPUTER NUMBER |
|---|---|---|
| 64G | | NOPD ITEM NUMBER |
| PAGE 4 OF 4 | | H-48944-92 |

| SEQ | QUANTITY | DESCRIPTION | SERIAL NO. | TYPE | STOLEN | RECOVERED |
|---|---|---|---|---|---|---|

"GIST"

UPON VIEWING A PHOTOGRAPHIC LINEUP, THE VICTIM POSITIVELY IDENTIFIED EVARISTUS MACKEY AS THE PERPETRATOR OF THE ARMED ROBBERY OF THE TIME SAVER LOCATED AT 2223 BROADWAY ST. ON 8/30/92.

DET. DAVID GAINES

SGT. EDWARD RANEY

| REPORTING OFFICER | BADGE | REPORTING OFFICER | BADGE | NOPD ACCESS NUMBER |
|---|---|---|---|---|

```
BP-S394.058
FEB 94
```

## DETAINER ACTION LETTER CDFRM

**U.S. DEPARTMENT OF JUSTICE**　　　　　　　　　**FEDERAL BUREAU OF PRISONS**

| TO: Dept of Public Safety and Corrections<br>2909 Franklin Ave<br>New Orleans, LA 70122<br>Attn: Ann B. Marks | Institution:<br>United States Penitentiary<br>Attention: ISM Records Office<br>P.O. Box 1000<br>Pollock, LA　71467 |
|---|---|
| | Date　November 20, 2001 |

| Re: **DETAINER** | Inmate's Name:<br>MACKEY, EVARISTUS JR<br>DOB: 05-07-1967 | Number:<br>26836-034 |
|---|---|---|

Dear Sir:

The below checked paragraph relates to the above named inmate:

☐ This office is in receipt of the following report: _____.
Will you please investigate this report and advise what disposition, if any, has been made of the case. If subject is wanted by your department and you wish a detainer placed, it will be necessary for you to forward a certified copy of your warrant to us along with a cover letter stating your desire to have it lodged as a detainer, or indicate you have no further interest in subject.

**XX** **A detainer has been filed against this subject in your favor charging <u>PAROLE VIOL</u>. Release is tentatively scheduled for: <u>JUNE 10, 2024</u> however, we will again notify you approximately 60 days prior to actual release.**

☐ Enclosed is your detainer warrant. Your detainer against the above named has been removed in compliance with your request.

☐ Your detainer warrant has been removed on the basis of the attached _____. Notify this office immediately if you do not concur with this action.

☐ Your letter dated _____ requests notification prior to the release of the above named prisoner. Our records have been noted. Tentative release date at this time is _____

☐ I am returning your _____ on the above named inmate who was committed to this institution on _____ to serve _____ for the offense of _____
If you wish your _____ filed as a detainer, please return it to us with a cover letter stating your desire to have it placed as a hold or indicate you have no further interest in the subject.

☐ The above named inmate has been transferred to _____
_____. Your detainer has been forwarded.

**XX** **Other: YOU MAY CALL ME AT (318) 561-5300 IF YOU HAVE ANY QUESTIONS.**

　　　　　　　　　　　　Sincerely,

　　　　　　　　　　　　*G. Woods*
　　　　　　　　　　　　Grace Woods, Legal Instruments Examiner
　　　　　　　　　　For: Anduray Ellis White,
　　　　　　　　　　　　　Inmate Systems Manager

Original: Addressee

# Department of
# PUBLIC SAFETY AND CORRECTIONS

M.J. "MIKE" FOSTER JR., GOVERNOR  RICHARD L. STALDER, SECRETARY

Division of Probation & Parole · 2909 Franklin Ave · New Orleans, LA 70122
Telephone: (504) 942-5990  Fax: (504) 942-5975
EQUAL OPPORTUNITY EMPLOYER

November 20, 2001

United States Penitentiary
Attn : ISM Records Office
P. O. Box 1000
Pollock, LA 71467

Re : Evaristus Mackey #26836-034

To whom it may concern,

Refer to the attached warrant from our department on the above-listed subject so that it may act as a detainer against the subject while he is in your custody. Also be advised that paperwork has been sent to our Parole Board advising them of his new federal conviction, and we are awaiting the official letter regarding his state revocation. A copy of this revocation notice will be forwarded to you as soon as we receive it.

Sincerely,

Ann B. Marks
Probation & Parole Officer III

Attachment

Verified with Ann Marks Probation & Parole
Date: 11-20-01   Time: 10:15
By: Horace Woods, LIE
Telephone # (504) 942-7849