FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 JUL 22 AM 8: 02

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL DOCKET |
| VERSUS | * | NO. 00-316 |
| EVARISTUS MACKEY | * | SECTION "F" |

### ORDER AND REASONS

Before the Court is Evaristus Mackey's Motion for Relief from Judgment. For the reasons that follow, the petitioner's motion is DENIED.

### Background

In June 2001, a jury convicted Evaristus Mackey as being a felon in possession of a firearm in violation of 18 U.S.C. §§922(g)(1) and 924(e). The Court sentenced the petitioner to the maximum term of 327 months, which he is currently serving.

The Fifth Circuit later affirmed the conviction and rejected his petition for rehearing. On January 15, 2004, the Court denied Mackey's petition for habeas corpus pursuant to 28 U.S.C. §2255. The Court then denied his certificate of appealability. In May 2004, the Fifth Circuit dismissed Mackey's appeal for want of prosecution, failure to timely pay docketing fee, and failure to file a motion for certificate of appealability and brief in support.

___ Fee_____
___ Process____
_✓_ Dktd_____
___ CtRmDep___
___ Doc. No___

Mackey now moves for relief of judgment.

I.

The Fifth Circuit has remarked that "a motion under Rule 60(b) is the equivalent of a second or successive habeas petition subject to the standard of section 2244(b)." Kutzner v. Cockrell, 303 F.3d 333, 338 (5th Cir. 2002); see also Hess v. Cockrell, 281 F.3d 212, 215 (5th Cir. 2002) ("While nothing on their face suggests that the Rule 60(b)(6) motions are to be seen as anything other than successive petitions, we need not decide here whether there are no circumstances under which they would not be . . . ."); Fierro v. Johnson, 197 F.3d 147, 151 (5th Cir. 1999) ("Our own court and other circuit courts have decided that Rule 60(b) motions should be construed as successive habeas petitions . . . .").

II.

Mackey's Rule 60(b) motion asserts ineffective assistance of counsel. Specifically, Mackey asserts that his counsel failed to raise issues associated with alleged inaccuracies in his pre-sentence investigation report. Mackey has already had the opportunity to present this attack on the validity of his conviction in his habeas petition. As such, the Court finds it appropriate to treat this 60(b) motion as successive. See Kutzner, 303 F.3d 333, 338; Fierro, 197 F.3d at 151. Because Mackey has not obtained authorization from the Court of Appeals to file a successive habeas petition, see Kutzner at 335, the Court lacks jurisdiction to hear this motion. See Crone v. Cockrell, 324 F.3d 833, 836 (5th Cir. 2003).

2

Accordingly, the petitioner's motion for relief from judgment is DENIED.

New Orleans, Louisiana, July 21, 2005.

                                          _____
                                          MARTIN L. C. FELDMAN
                                        UNITED STATES DISTRICT JUDGE