U. S. DISTRICT COURT
Eastern District of Louisiana
FILED  JAN 1 7 2006
LORETTA G. WHYTE
Clerk

United States District Court
Eastern District of Louisiana

| | | |
|---|---|---|
| United States of America, | : | Criminal Action |
| Versus | : | No. 00-316 |
| Evaristus Mackey | : | Section "F"(2) |

## Motion For Resentencing Pursuant To 18 USC 3582(c)(2)

Comes Now, into court, in proper person proceeding pro-se, Evaristus Mackey, to present to this honorable court the following:

The second superseding indictment read to the jury at trial charged 922(g)(1) and 924(e)(1) where the instant offense is not a crime of violence 924(e)(1) does not apply, see; 4B1.2 Commentary Application Note 3 (Career Offender) expressly provides that the instant offense(s) must be crimes of violence or controlled substance offenses of which the defendant was convicted. Under 1988 Sentencing Guideline defendant convicted of being a felon in possession of a firearm would not be found to have committed "crime of violence" for purposes of Armed Career Criminal Purposes (ACCA); commentary supported that

construction and moreover, subsequent amendment, which stated that it is intended to clarify that offense of unlawful possession of weapon was not crime of violence, would be applied retroactively. <u>U.S. v. Garcia-Cruz</u>, C.A. 9 (CAL) 1994, 40 F. 3d 386, offense of illegal possession of firearm by convicted felon was not "crime of violence" qualifying defendant for career offender status, where indictment failed to change any conduct beyond mere possession of firearms. <u>U.S. v. Samuels</u>, C.A. 4 (N.C.) 1992, 970 F. 2d 1312. <u>U.S. v. Shano</u> C.A. 5 (LA) 1992, 955 F. 2d 291. <u>Stinson v. U.S.</u>, 508 U.S. 36, 123 L. Ed 2d 598, 113 S. Ct. 1913 Held: (a) The court of appeals erred in concluding that the commentary added by amendment 433 is not binding on the federal courts. Commentary which function to "interpet and it [a] guideline or explain how it is to be applied" 1B1.7 controls, and it failure to follow or misreading of such commentary results in a sentence "selected... from the wrong guideline range," <u>Williams v. U.S.</u>, 503 US 193, 203, 117 L. Ed 2d would constitute" an incorrect application of the... guidelines" that should be set aside under 18 U.S.C. 3742 (f) (1) [18 U.S.C. 3742 (f)(1)]. Because Congress intended "to reflect the Soliciter General's construction" of the ACCA when it added the language "committed on occassions different from one another," Congressional intent may thus be discovered in the Soliciter General's brief filed

on April 13, 1987 before the S. Ct. in <u>Petty v. U.S.</u> [ 481 U.S. 1034, 107 S. Ct. 1968, 95 L. Ed 2d 810 (1987) ] [ "Petty brief" ].

"the bill applies to any person who participates in an armed robbery or burglary if that person has been convicted of robbery or burglary on two or more occassions in the past."

As stated by then- Assitant Attorney General Stephen S. Trott armed career criminals are: "people who have demonstrated, by virtue of their detention, that locking them up and letting them go doesn't do any good. They go on again, you lock them up, you let them go, it doesn't do any good, they are back a third time. At that juncture we should say, That's it; time out; it is all over. We, as responsible people, will never give you the opportunity to do this again." Id at 8 (quoting ACCA, Hearing before the Sub. com. on Crime of the House Com. on the Judiciary, 98th Congress, 2d Session at 64 (1984). Clearly, Congress meant for this provision to reach career criminals who have shown they cannot be rehabilitated. Congressional intent involved, locking them up and letting them go, where a conviction and time served <u>each</u> time would be involved and a defendant would return a third time which is not the case in the instant case cause defendant was only arrested one time on 8-31-92

and released one time on 12-11-97 not meeting the criteria for ACCA as intended by Congress. 924(e)(1) is not applicable in the instant case. An "element" of the State Prior Convictions is Parole in the instant case. The State of Louisiana Department of Corrections lodged a detainer for a parole violation establishing "State Jurisdiction" over State Prior convictions and never has the State of Louisiana ceded its jurisdiction of the State Priors to the Federal Government nor can the State give jurisdiction of State Priors to the Federal Government where the use of the priors in the instant case is Double Jeopardy. The only law that could be used to establish the priors before a grand jury is State of Louisiana law where the State has a 3 strike law in effect that defendant do not qualify for because there's not 3 prior convictions in the instant case. The statue 924(e)(1) use in the instant case has recharacterized and circumvents the State jurisdiction over the State Priors in the instant case violating defendant's 5th and 6th Amend. rights. The ruling in <u>Sheppard v. U.S</u>, U.S. 467 (2005) establish that an "<u>element</u>" is a part of the prior conviction and must be respected. <u>Daniels v. U.S.</u>, U.S. No. 99-9136 argued 1-8-01, Justice Kennedy questioned counsel's assertion that the only government with interest in this situation is the Federal Government.

Does not the state have an interest in the integrity accorded to its proceedings? he asked. Taralia said the state had "some minimal interest" but Kennedy retorted the state has a "very strong" interest in having its judgments respected. He pointed out the state may have its own "three strikes" rule under which it might want to use the priors if the defendant committed another state crime. U.S. v. Johnson, C.A. 7 (Ind.) 1974, 506 F.2d 305,... filing of prior conviction information against defendant who was charged with distribution of heroin, based on prior narcotics convictions in state court was improper as double penalty provisions of this section may be only applied upon prior federal convictions. Stinson v. U.S. 508 US 36,... The Government agrees that the Court of Appeals erred in concluding that commentary is not binding on the federal courts and in ruling that Amendment 433 is not of controlling weight. See Brief for U.S. 11-19. The Government claims that petitioner's only recourse is to file a motion in District Court for resentencing, pursuant to 18 USC 3582(c)(2) Brief for U.S. 33-35.

Wherefore: For the reason previously stated defendant motion for resentencing should be granted and defendant resentenced without 994(c)(2) provisions and without use of state priors.

Sincerely,

## Certificate Of Service

I, EVARistus Mackey, do hereby and most solemnely swear that a copy of the same has been mailed to Assitant United States Attorney Dwayne Evans by depositing a copy of the same in the U.S. Post Office this 11th day of January 2006.

Sincerely,

[signature]