```
                                           FILED
                                    U.S. DISTRICT COURT
                                  EASTERN DISTRICT OF LA

                                    2006 MAR 20  PM 3: 37

                                    LORETTA G. WHYTE
                                         CLERK
```

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 00-316** |
| v. | * | **SECTION: "F" (2)** |
| **EVARISTUS MACKEY** | * | |

\* \* \*

### RESPONSE TO DEFENDANT'S MOTION FOR RESENTENCING PURSUANT TO TITLE 18, UNITED STATES CODE, SECTION 3582(c)(2)

**NOW INTO COURT** comes the United States of America, represented herein by the undersigned Assistant United States Attorney, and who respectfully represents to this Honorable Court that the defendant Evaristus Mackey's Motion for Resentencing should be denied.

On January 17, 2006, Evaristus Mackey ("Mackey") filed the instant motion. This Court ordered that the Clerk of Court for the Eastern District of Louisiana serve a copy of the application on the United States Attorney for the Eastern District of Louisiana. This Court established a deadline of April 11, 2006 for which to respond to Mackey's motion. Mackey's section 3282(c)(2) motion argues that section 922(g)(1) should not be used as a basis to sentence him pursuant to Title 18, United States Code, Section 924(e)(1) ("Armed Career Offender Statute"). Also, Mackey

```
___ Fee_____
___ Process____
_X_ Dktd_____
_✓_ CtRmDep___
___ Doc. No___
```

contends that 18 U.S.C. § 922(g)(1) is not a crime of violence pursuant to section 4B1.2 of the Federal Sentencing Guidelines ("Guidelines").

In this Circuit, "[s]ection 3582(c)(2) permits a district court to reduce a term of imprisonment when it is based upon a sentencing range that has subsequently been lowered by an amendment to the guidelines, if such a reduction is consistent with the policy statements issued by the sentencing commission." United States v. Gonzalez-Balderas, 105 F.3d 981, 982 (5th Cir. 1997). Additionally, "[t]he decision whether to reduce a sentence under Section 3582(c)(2) is discretionary ...." United States v. Mueller, 168 F.3d 186, 188 (5th Cir. 1999). Section 3582(c)(2) should not be used to relitigate issues that Mackey failed to bring up at sentencing. See United States v. Shaw, 30 F.3d 26, 29 (5th Cir. 1994).

In this case, Mackey argues that section 922(g)(1) is not a crime of violence and consequently, section 924(e)(1) should not apply to his sentencing calculations. What Mackey fails to do, is mention that section 4B1.4 of the now advisory sentencing guidelines and the Armed Career Offender statute defeat his argument. Section 4B1.4 application note 1 states in pertinent part:

> This guideline applies in the case of a defendant subject to an enhanced sentence under 18 U.S.C. § 924(e). Under 18 U.S.C. § 924(e)(1), a defendant is subject to an enhanced sentence if the instant offense of conviction is a violation of 18 U.S.C. § 922(g) and the defendant has at least three prior convictions for a "violent felony" or "serious drug offense," committed on occasion different from one another. The terms "violent felony" and "serious drug offense" are defined in 18 U.S.C. § 924(e)(2). It is to be noted that the definitions of "violent felony" and "serious drug offense" in 18 U.S.C. § 924(e)(2) are not identical to the definitions of "crime of violence" and "controlled substance offense" used in Section 4B1.1 (Career Offender), nor are the time periods for the counting of prior sentences under Section 4A1.2 (Definitions and Instructions for Computing Criminal History) applicable to the determination of whether a defendant is subject to an enhanced sentence under 18 U.S.C. § 924(e).

See U.S. Sentencing Guidelines Manual § 4B1.4, cmt. n.1 (2000).

While a § 922(g)(1) offense may not be a crime of violence, that distinction is irrelevant for sentencing enhancement purposes under the Armed Career Offender statute. The driving force behind Mackey's sentencing enhancement were his multiple state armed robbery convictions not his 922(g)(1) conviction. Each armed robbery conviction satisfied the definition of "violent felony" under the Armed Career Offender statute.

Mackey does not argue that his sentencing range should be lowered because of a subsequent amendment to the guidelines. Consequently, such an argument is not recognized under § 3582(c)(2). Clearly, Mackey wishes to relitigate issues that were addressed in either his appeal to the Fifth Circuit and his motion for post-conviction relief. Specifically, Mackey continues to attack the government's use of three (3) of his state armed robbery convictions to enhance his sentence as an Armed Career Offender. Section 3582(c)(2) does not allow that. Accordingly, Mackey's Motion for Resentencing should be denied.

New Orleans, Louisiana, this 20th day of March, 2006.

Respectfully submitted,

JIM LETTEN
UNITED STATES ATTORNEY

_____
DUANE A. EVANS
Assistant United States Attorney
Louisiana Bar Roll Number 24086
500 Poydras Street, Suite 210B
Hale Boggs Federal Building
New Orleans, Louisiana 70130
Telephone: (504) 680-3069

CERTIFICATE OF SERVICE

I certify that a copy of the foregoing has been served upon counsel for all parties by mailing the same to each, properly addressed and postage prepaid, this 20th day of March, 2006.

_____
Assistant United States Attorney