U. S. DISTRICT COURT
Eastern District of Louisiana

FILED OCT 2 2006

LORETTA G. WHYTE
Clerk

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

UNITED STATES OF AMERICA
Plaintiff,

v.

EVARISTUS MACKEY
Defendant.

CRIMINAL ACTION

NO. 00-316

SECTION "F"

**MOTION TO DISMISS INDICTMENT UNDER RULE 12(b)(2) FOR FAILURE TO SHOW JURISDICTION AND FAILURE TO CHARGE A FEDERAL OFFENSE**

---

Defendant, Evaristus Mackey, now comes before the Court and request and respectfully move this Honorable Court under Federal Rules of Criminal Procedures 12 (b)(2) to **DISMISS THE INDICTMENT AB INITIO**, whereas, indictment fails to show jurisdiction of the court and it fails to charge an offense against the United States.

Federal Rules of Criminal Procedure 12 (b)(2) allows a defendant at anytime to bring action challenging the jurisdiction of the court, as stated; (b) the following must be raised prior to trial: (2) other than that the indictment fails to show jurisdiction of the court or to charge an offense which objections shall be noticed by the court at any time. Defendant now objects to the court's lack of jurisdiction, the Plaintiff's lack of standing and the issuance of an advisory opinion on an instrument that does not charge an offense against the United States in the above title cause.

In order to enter a valid judgment the court **must** have jurisdiction over **person and subject matter.** In the instant case the court has neither as the defendant as the defendant as is a citizen and resident of the State of Louisiana and



___Fee___
___Process___
X Dktd___
X CtRmDep___
Doc. No.___

subjuedt to the exclusive jurisdiction of. At no time has the defendant waived his right to personal or subject-matter jurisdiction in htis cause. At no time has the State of Louisiana ceded it's jurisdiction over the defendant and/or his activities in the State of Louisiana's territorial boundaries.

Wherefore the State of Louisiana and the State of Louisiana only has standing to complain of the alleged acts allegedly conducted within it's exclusive jurisdiction. The United States of America as a state in the above titled cause has no authority to complain of acts outside of it's territorial jurisdiction and congress has not authorized the United States District Attorney to institute this non-case on behalf of the United Statesof America.

The simple true issue is whether the United States of America has acquired exclusive legislative jurisdiction over the property which it claimed that the alleged acts were allegedly committed, from the State of Louisiana as required in 40 U.S.C. § 255 ?

The defendant has never committed himself to the criminal authority of the United States of America. The record shows clear proof, and this fact cannot be disputed, therefore the court lacks jurisdiction where the plaintiff lacks standing. The statue which are stated in the indictment do not have extraterrtorial application.

**STATEMENT OF FACTS**
**ON LACK OF SUBJECT MATTER JURISDICTION**

Jurisdiction,,in terms of the authority of a court, is of two main types, as Judge Cooley states:

> The proceedings in any court are void if it wants jurisdiction of the case in which it has assumed the act. Jurisdiction is, first, of the [subject-matter]; and, second, of the person whose rights are to be passed upon.

Both types fo jurisdiction are requried in criminal matters.

> To try a person for the commission of a crime, the trial court must have jurisdiction of both the subject matter and the person of the defendant.

See; Thomas M. Cooley, A Treatise on the Constitutional Liminations, Little,

Brown, & Co., Boston, 1883, p. 493...also, 21 American Jurisprudence, "Criminal Law," § 338, p. 588.

Jurisdiction in a government sense, is the authority to apply law over certain objects and certain acts of a person. Jurisdiction gives a government the right to use force in applying this law to bring about its objective. Under the American system that objective is generally to exact justice through certain courts pursuant th constitutional authority, the law of God, and our common law concepts of right and wrong.

The Constitution for the United States created agovernment which has jurisdiction over certain enumerated subject matter. It is only in these areas that Congress can enact laws, and when they do, the federal courts are to enforce the law. But when laws do not come from an enumerated power, the Federal Courts are to prevent the U.S. Government or Congress from applying them.

This is about the extent of the jurisdiction of the the United States government. It is only in these areas that a "crime(or offense) against the United States" can exist, and this is so only when Congress actually passes a law in one of these areas.

> But an act committed [within a State], whether for good or a bad purpose, or whether with honest or a criminal intent, cannot be made an offense against the United States, unless it has some relation to the execution of a power of Congress, or to some matter within the jurisdiction of the United States. See; U.S. v. Fox 95 U.S. 670,672 (1877)
>
> [T]he courts of the United States, merely by virtue of this grant of judicial power, and in the absence of legislation by Congress, have no criminal jurisdiction whatever. The criminal jurisdiction of the courts of the United States is wholly derived from the statues fo the United States. See; Manchester v. Massachusetts, 139 U.S. 240,262 (1890); U.S.v. Flores, 289 U.S. 137,151 (1932).
>
> Acts of Congress, as well as the Constitution, must generally unite to give jurisdiction to a particular court. U.S. v.Bedford, 27 Fed. Cas., p. 91,103, Case No. 15,867 (1847).

The Federal Courts only have jurisdiction in matters involving an "offense against the United States," and nothing can be an offense against the United States unless it made so by Congressional act pursuant to the U.S. Constitution. There is no other source from which Congress can getpower to make laww,

including the Common Law. Thus it has been said that, " There is no Federal Common Law." But the better way of stating this is to say, "There are no common law offenses(or crimes) against the United States," See; U.S. v. Britton, 108 U.S. 199,206 (1882); U.S. v. Eaton, 144 U.S. 677,687 (1891); U.S. v.Gradwell, 243 U.S. 476,485 (1916); Donnelley v. U.S., 276 U.S. 5/05,511 (1927); Jerome v. U.S, 318 U.S. 101,104 (1942); Norton v. U.S., 92 Fed. 2d 753756 (1937).

In other words the common law is not a source for criminal jurisdiction as it is in the states. There is no federal common law. There are no offenses against the United States, save those declared to be such by Congress. Only those offenses are to be proceeded against by information or are to be indictable in the federal courts which are specifically made so by acts of Congress, since the common law crime of itself has no existence in the federal jurisdiction. See; U.S. v. Grossman, 1 Fed. 2d 941,950,951 (1924). By "jurisdiction" is meant the authority of the Federal Courts to hear and decide a matter. Thus it is even more correct to say that , " The federal courts have no jurisdiction of common law offenses, and there is no abstract prevading principle of the common law of the Union under which we (the Federal courts) can take jurisdiction." See: State of Pennsylvania v. The Wheeling &c. Bridge Co., 13 Howard (54 U.S.) 518 ,563 (1851).

In relation to crimes and punishments, the objects fo the delegated power of the United States are enumerated and fixed. Congress may provide for the punishment of counterfeiting the securities and current coin of the United States, and may define and punish piracies and felonies committed on the high seas, and offenses against the law of nations. Art. s. 8.* * * But there is no reference to a common law authority: Every power is [a] matter of definite and positive grant; and the very powers that are granted cannot take effect until they are excerised through the medium of a law. See; The United States v. Worrall, 2 Dallas (2 U.S.) 384,391(1798). The United States courts are governed in the administration of the criminal law by the rules of the common law. See; Howard v.U.S., 75 Fed. 986 (1896). Thus the common law is not a source of power, but is the means or instrument through which it is excerised.

Laws within the Statues at Large were identified as being public or private laws. Acts which were laws, resolutions, or proclamations were so designated by their identifying enscting clauses and titles. But no one can tell the

nature of the "laws" in the U.S. Code. When the U.S. Code was first published, it never was stated to be the offical laws of the United States. Rather, it was a "restatement" of law; or was only "prima facie evidence of the laws of the Unitned States." See; Five Flags Pipe Line Co. v. Dept. of Transportation, 854 F.2d 1438,1440 (1988); Stephan v. U.S., 319 U.S. 415, 426 (1943)); 44 Statues at Large, Part 1, Preface. This tells us that the United States Code, as originally established, was not on an equal plain with the "original statues" or the Statues at Large. The evidenceof a thing is not the thing itself. Thus the Code was not true law. The object of an enacting clause si to show that the act comes from a place pointed out by the constitution as a source of power. See; Ferrill v. Keel, 151 S.W. 269,272, 105 Ark. 380 (1912).

If the question is put forth to this federal court whether the Code cited in an indictment is an act fo Congress, this cannot rightfully say it is. If the court says it is, where is the congressional enacting clause for that law as required by 61 Statues at Large 633,634,§101? See; In § 102, Congress also established the "resolving clause" style that is to be used on all joint resolutions. If no such clause appears on the face of the law, it is not an act of Congress. No criminal jurisdiction existss without a bona fide act of Congress. The indictment does not set forth a case arising under the Constitution, as there is no act of Congress with a duly required enacting clause. Thus there is no subject matter jurisdiction pursuant to the federal judicial power defined in Art. III,§ 2. Nowhere does it say in the Code, or in pronouncements by Congress or the courts, that the laws in the U.S. Code are acts of Congress. But no one denies that the offical source to find United States laws is the Statues at Large and the Code is Only prima facie evidence fo such laws. See; Royer's Inc. v. U.S., 265 F.2d 615,618 (1959).

**ARGUMENT IN LAW OF THE**
**LACK OF SUBJECT MATTER JURISDICTION**

THe United States did not excerise pratical dominion over anything named in the indictment. There was no notice filed by the Federal Gavernment indicating that jurisdiction was being taken over in the instant case. This Honorable Court's inherent supervisory power to dismiss a indictment is invoked herein due to the prosecutorial misconduct, and it's inherent power to protect the intergity of

the judicial process within the District Court. **HAZEL-ATLAS GLASS CO. v. HARTF -ORD EMPIRE CO.,322 U.S. 238,244,88 L. ed 1250 (1944), CHAMBER v. NASSCO INC. , 501 U.S. 32,115 L.ed 2d 27 at 44 (1991).** The government's tampering with administration of justice in this case involves far more than just the injury to the defendant herein, being a wrong against the institutions set up to protect and safegusrd the public at large, Hazel-Atlas supra, at 246.

A motion to Dismiss the Indictment may be raised at any time when as here is facially invalid. Federal Rules of Criminal Procedure, Rule 12(b)(2). U.S. v. Lewis, 730 F. Supp. 143 (SDNY 1999), a ff'd 957 F.2d 45 (2nd Cir. 1992). Judgments entered where the court lacked either subject matter or personal jurisdiction, must be set aside, Jaffe. If a judgment is void it is nullity from the outset and when rule providing for relief from void judgment is applicable, relief is not discreationary matter, it is mandatory, Orner v. Shalala, 30 F.3d 1307,1310 (10th Cir. 1994). When a federally created crime involves a area traditionally left to the domain of the "States" the jurisdictional authority of the "United States" becomes a crucial part of the proof, it being uniformly held the basis for Federal Jurisdiction is an **element** of the offense. U.S. v. McRary, 665 F.2d 674,678-79(5th Cir. Unit B) cert. denied, 456 U.S. 1011,102 S. Ct. 2306, 73 L. ed 2d 1307 (1982) U.S. v Montford, 27 F. 3d 137,138 (5th Cir. 1994). Lack of jurisdiction cannot be waived and jurisdiction cannot be conferred upon a Federal Court by consent, inaction or stipulation. A court lacking jurisdiction cannot render judgment, but must dismiss the cause at any stage of the proceedings at which it becomes apparant that jurisdiction is lacking, Sweeton v. Brown, 27 F.3d 1162,1169(6th Cir. 1994); Ex Parte Mc Cradle, 74 U.S. (7 Wall) 506,514,19 L.ed 264 (1868).

**BRIEF IN SUPPORT OF MOTION**
**TO DISMISS UNDER RULE 12(b)(2)**

We start with the presumption of statutory construction that federal criminal is meant to apply only within the territorial jurisdiction of the United States, unless the contrary appears on the face of the statue. Blackmer v. U.S., 76 L.ed 375.

At the minimum, the absence of a clearly express intent creates a presumption that congress did not intend extraterritorial application. Boureslan v. Aramco,

653 F. Supp. 629 (SD Texas). Thus we need only look to the statue to determine congress intent. Federal Criminal Code and Rules 18 U.S.C. §922 (g)(1) and 924 (e)(1) et. seq. in no language in the statues provides, or even suggest, that congress intended that the statues should be extended to places outside the federal government's territorial jurisdiction. Alvarez-Machain v. U.S., 331 F.3d 604,626, the court declining to accept the DEA agency's view and/or interpretation of "Section 878(a) regulates executive authority, not criminal conduct, and this provision can hardly be classified as a criminal statue which is... not logically dependent on it's locality of the government's presumption against criminal laws extraterritoriality and grant, without expressed congressional authorization , worldwide law enforcement authority to the United States Government to have standing ot prosecute the defendant, the conduct complained of would have to have occurred within the territorial jurisdiction of the federal government as defined in 18 U.S.C. § 7. It is a long standing principle that standing cannot be inferred argumentatively from averments in the pleading or from a silent record, Grace v. American Central Ins. Co., 109 U.S. 278, but rather "**must affirmatively appear on the record.**" Mansfield C. & L. v. Swan, 111 U.S. 379. Facts supporting article III jurisdiction must appear affirmatively from the record, King Bridge Co. v. Otoe County, 120 U.S. 225, and it is the burden of the party who seeks the exercise of jurisdiction in his favor, clearly to allege facts demonstrating that he is the power party to invole judicial resolution to the dispute. The United States of America in this Vriminal Case **must** allege facts, place of the allege facts that brings the acts territorial within it's authority,essential to show jurisdiction. If it fails to make the necessary allegations, they have no standing. McNutt, supra, 298 U.S. 178. In the instant case the United States of America has failed to meet it's burden fo standing, complainant asserts that the facts do not exist. United States of America never allege any place of the alleged acts that would bring them territorially within the jurisdiction of the federal government. In Holt v. U.S., the Supreme Court stated that, "it is **essential** that an accusatory document that charges an offense against the United States allege facts as to place that brings the offense territorially within the **exclusive** jurisdiction of the United States Goverment. " Holt, supra, 218 U.S. 245. An indictment must allege each material element of the offense or of any material averment, a fatal variation results from the failure to prove place as alleged. The federal government did not allege a place in it's accusatory document due to

the fact that it had actual knowledge that no place where the alleged acts were allegedly committed were within its territorial jurisdiction(New Orleans Lower French Quarter Area). Therefore the prosecuting attorney had actual knowledge that the United States Government lacked Article III standing th bring this act-ion before the court. The federalcourts limited jurisdictional authority requires litigants to demonstratethat they have standing to prosecute, assert there claim in federal court. Lujan v. Defenders of Wildlife, 119 L.ed 2d 351, Standing is an aspect of justiciability and, as such, the problem of standing is surrounded by the same complexities and vagaries that inhere injusticiability, standing has been called one of the most amorphus concepts in the entire domainof public law; **hearing onS. 2097, supra, n. 6, at 498(statement of professor Paul A, Freund). Lewis Constitutional Rights and the misuse of Standing , 14 Stan. L. Rev. 433.** The general standing limitation imposed by the federal courts is that a litigant will not ordinarily be permitted to asserts the rights of a absent third party. Held v. District of Columbia, 295 U.S. 114. **When standing is placed at issue in a case,,the question is whether the perrson whose standing is being challenged is hte proper party to request the court action.** In this federal case the gov-ernment seeks to assert state government powers to which it has not been author-ized to do. The District Court should have taken notice of the lack of case and /or controversy between the parties on the record, neglected its or assisted the government in the fraud by not acting on it's obligaiton to enforce the standing , justiciable, and jurisdictional requriements to bring a action before the court. "Boiler plate language such as, in the Southern District of.... and elsewhere fa-ils on it's face to establish federal jurisdiction. Aherns v. Clark, 92 L. ed 1898.

The Federal Code and Rules clearly define their applicability and exception, pas-sium. Former Rule 54. Application and Exception, now under Rule 1(b)(2) Offenses Outside a District or State.

These rules apply to proceedings for offenses committed upon the high seas or el-sewhere **out of the jurisdiction of any particular state...**

(c) Applications of Terms

"Act of Congress" includes any act of congress locally applicable to and enforce in the District of Columbia, in Pureto Rico, in a territory or insular possession. 18 U.S.C. § 7 "Specisl Maritime and Territorial Jurisdiction of the United States defined"

1. The high seas, any other waters within the admiralty and maritime jurisdict-ion

of the United States and **out of the jurisdiction of any particular state...** .
3. All lands reserved or required for the use of the United States, and under the exclusive or current jurisdiction thereof, or any place purchased or otherwise acquired by the United States by consent of the legislation fo the state in which the same shall be for the erection of a fort, aresenal, dockyard or other needful building.

18 U.S.C. § 13 Law of States adopted for areas within federal jurisdiction. (a) Whoever within any or upon any of the psaces now existing or hereafter reserved or aquired as provided in § 7 of this title, or on, above, or below any portion of the territorial sea fo the United States **not within the jurisdiction of any State...** is guilty of any act or commission which, although not made punishable by any enactment of congress, would be punishable by any enactment of congress, would be punishable if committed or ommitted within the jurisdiction of the State... by the laws thereof in forecast the time of such act or ommission..

These provisions clearly show the limitation of federal criminal jurisdiction not within the exclusive jurisdiction of the State of Louisiana. There is no question that the defendant: was within the exclusive jurisdiction of the State of Louisiana when the acts complained of allegedely occurred, as such, under no principal has the federal government acquired jurisdiction over the acts of the defendant. U.S. v. Suerte, 291 F, 3d 366, the courts made a clear statement of the federal jurisdiction, "to define and penish Piracies and Felonies committed on the high seas",contains the <u>**only**</u> specific grant of power to be found in the constitution for punishment of offenses outside the territorial limits fo the United States.

In the instant case, what is the basis for federal jurisdiction? Defendant asserts no such basis exists, it is not alleged on the face of the complaint, was not found by the grand jury, was not proved at trial, was not prevented to the petit jury, no evidence of its existence ever existed has ever been produced by the government on which the burden of such rest, **OMUS PROPAND.** In Rewis, the court declined to accept the swme expansive interpretation of the Travel Act. "To do so , we said then, would alter sensitive federal-state relationships and could over extend limited federal police (power)." Congress has been traditionally been

reluctant to define as federal crime conduct readily denounced as criminal by the states. The Legal Process: H.Hart & A. Sacks. The congressional policy is rooted in the same concepts of American federalism tha have praved the basis for judge-made doctrines, we will not be quick to assume that congress has meant to effect a significant change in the sensitive relationship between federal and state jurisdiction. In traditionally sensitive areas, such as legislation affecting the federal balance, the requirement of a clear statement assures that the legislature has ineffect faced and intended to bring into issue, the critical matter involved in the judicial decision. Absent clear statement of this intent from congress, 18 U.S.C. 922(g)(1) and 924(e)(1) cannot be interpreted to reach the defendant's allegeds acts within the State of Louisiana (New Orleans Lower French Quarter Area). The defendant hereby demands that the government be ordered to produce certified documentation of promulgation for the above referred statues. Defendant submits that no such proof exists and therefore, judgement msut be rendered in defendant's favor, and the alleged criminal case must be abated ab initio. The History legislation of the ACT specifically states that no reports were ever recieved. The law is well established that, " an individual cannot be prosecuted for violating the ACT unless he violates implemented regulations. U.S. v. Reinis, 794 F,2d 508, Hotch v. U.S., 212 F.2d 280, these specific cases state the agencies must publish the regulations in the federal register or it is of NO effect. **Legislative History, H.R. Rep. #91-1444 U.S. CODE. CONG. & Admin. News.** Further [illegible],

[illegible]

By enacting these statues, congress had no intent of moving toward a centralized government. To think that the phase in the statue "Any Person" could be any one, anyplace, anytime, and anywhere even other than federal lands or under federal jurisdiction would certainly upsurp the powers of every State within their respective borders and move this nation toward centralization at hypersonic speed. Under the Narcotics Penalities and Enforcement Act of 1986, the 99th Congress took the time to spell out the jurisdiction of any person as used in 841(a)(1) and § 846 imposes penalities on those who are on federal lands under federal jurisdiction. The definition of the United States at 21 U.S.C. 802 (28), is the exact same as the 18 U.S.C. % definition which does not include any particular state or custom territory.

More proof of congress intent that these statue only apply in the territorial jurisdiction of the federal government as defined in 18 U.S.C.§ 7, Chief Justice Marshall, first defined the nature of congress commerce power in **Gibbons v. Odgen, 9 Wheat 189,6 L.ed.23,** that the federal governmentdoes not have a police power, that the federal government have no right under the commerce clause to start moving towards a general police power. A court cannot "supply to construction what congress has clearly showen it's intention to omit," **Carey v. Donohue, 240 US 430.**

Congress clearly excluded, "the jurisdiction of any particular state" from it's definition ot the territorial jurisdiction of the Un ited States. **18 U.S.C. § 7.** This preserves federalism and maintains the seperations of powers doctrine..Teh Supreme has cautioned against lose assumptions, to require congress to make it's it's intent expressly known and without it, it will not be assumed. There is simply no language in the statue thah it was meant to apply extraterritorially. In interpreting the Act, the Supreme Court ahs determined that it must be a taxing measure for otherwise it would not be a law at all, **Nigro v. U.S., 276 US supra.**

Defendant asserts prosecutorial misconduct and fraud on the court, in that the jurisdiction (federal) was never presented, the prosecutor knew or should have known that the alleged were outside his authority, yet intentionally ommitted the fact to defraud the defendant (complaint). The Grand Jury was never given the opportunity to do itsproper role in testing the government cause for action because of the ommission of this essential element and returned a true bill on allegations that so not constitute a federal offense. Complainant argues that congress intent and the statues true jurisdiction is is seen at section 841(5)(6) where it states "on federal property or federal land", certainly this clear dinstinction must be seen to apply to the entire title, as the jurisdictional element. The basic principle of fundamental fairness retain their full vitality under the modern concepts of pleading and specifically under Rule 7(c) FRCrP. In this case at bar, a mere citation to the statue does not give the complainant notice of the natural of the offense. An indictment that must rely on statutory citations does not fully, directly and expressly, wihtout any uncertainty or ambigity set forth all the elements ( such as jurisdiction) necessary to constitute the offense intended to be

punished, **Hamling v. U.S., 418 US 87.** Furthermore, a statutory citation does not insure that the grand jury has considered and found all essential elements such as(jurisdiction) fo the offense charged. It therefore fails to satisfy tha Fifth Amendment guarantee that no person be held to answer for an infamous crime unless on indictment of a grand jury, See:**U.S. V. Pupo, 841 F.2d 1235.** An indictment that fails to include an essential element of the offense charged, it thereby fails to charge a federal offense and a conviction under the indictment may not stand. **U.S. v. Hooker, supra.** A grand jury in order to make the necessary determination, must necessarily determine, what gives the government jurisdiction to sustain, or bring these charges. To allow the prosecutor, or the court to make a subsequent guess as to what was in the mind of the grand jury at the time of the indictment would deprive the complaniant and every citizen of the basic protection which guaranty of intervention of the grand jury was designed to secure. For a citizen could be convicted on the basis of facts not found by the grand jury or not eve presented for their consideration (as in this case). See; **Orfield Criminal Procedure from arrest to appeal 243.**

If it lies within the province of the prosecutor to indict on his own notionof what ought have been, such as the ommission of the placein order to defraud the complsinant of his rights, the constitutional guarantees have been destroyed.Yhe District Court failed in it's duty to assure that the defendant would not be held liable under an advisory opinion when it fail to request the Plaintiff to provide evidence of the court's jurisdiction, The court has a duty to resolve the jurisdiction of the matter before it whether either party brings forth the motion. 20 Am Jur 2d § 60,65.

§ 60. POWER AND DUTY TO DETERMINE JURISDCITION.

A COURT HAS POWER AND DUTY TO EXAMINE AND DETERMINE WHETHER IT HAS JURISDICTION OF A MATTER PRESENTED TO IT,...THIS QUESTION SHOULD BE CONSIDERED BY THE COURT BEFORE TI LOOKS AT OTHER MATTERS INVOLVED IN THE CASE, SUCH AS WHETHER THE PARTIES ARE ENTITLED TO A JURY TRIAL. IT MAY, AND MUST DO THIS ON IT"S ON MOTION , WITHOUT WAITING FOR THE QUESTION OF IT"S JURISDICTION TO BE RAISED BY ANY OF THE PARTIES INVOLVED IN THE PROCEEDINGS."(In Part)

§ 65. EFFECTS OF LACK OF JURISDICTION.

" THE GENERAL RULE IS THAT PROCEEDINGS CONDUCTED OR DECISIONS MADE BY A COURT ARE LEGALLY **VOID** WHEN THERE IS A ABSENCE OF JURISDICTION OVER THE SUBJECT MATTER.

A COURT DEVOID OF JURISDICTION OVER THE CASE CANNOT MAKE A DECISION IN FAVOR OF EITHER PARTY, CANNOT DIMISS THE COMPLAINT FOR FAILURE TO STATE A CLAIM, AND CANNOT RENDER A SUMMARY JUDGMENT, AS A DECISION WOULD BE ON THE MERITS OF THE ACTION. IT CAN **ONLY** DISMISS THE CASE FOR WANT OF JURISDICTION. HOWEVER, A COURT CAN

SET ASDIE ORDERS IT MADE BEFORE THE WANT OF JURISDICTION WAS DISCOVERED, AND A JUDGMENT BY A COURT WITHOUT JURISDICTION OVER THE SUBJECT MATTER CAN BE SET ASIDE AND VACATED AT ANY TIME BY THE COURT THAT RENDERED IT."(In Part)

The defendant asserts that the court failedto examine the jurisdiction in this matter and as such the court lack of jurisdiction was not discovered until now. The court must now resolve the lack of jurisdiction in the matter before it. The question of challenging the court's jurisdiction and the plaintiff's standing has never been waived by the defendant. Onus Propandi burden of proving the burden of proof; is that ,if no evidence is aduced by the party on whom the burden is cast, the instant **must** be found against him, **Davis v. Rogers, 1 Hous(del) 44.** Where jurisdiction is challenged it **must** be proved, **Hagan v. Lavine, 415 US 528.** The burden of jurisdiction clearly rest on the party seeking to invoke federal jurisdiction, the Plaintiff in this case. Defendant comes now and asserts his right to be free from advisory opinion, on an instrument that does not charge a federal offense, and only alleges conduct under the exclusive jurisdiction of the State of Louisiana.

## CONCLUSION

The Plaintiff failure to establish proof or other evidence of jurisdiction or ownership (standing) over any geographical location in the indictment in which the conduct complainedof was allegedly took place divested the court of jurisdiction over the subject matter and mandates a dismissal of the indictment. Where the lands and property were never ceded to the United States from the State of Louisiana,they remain under the exclusive jurisdiction of the State of Louisiana and outside the exclusive or current jurisdiction of the United States. Therefore the Plaintiff lacks standing to complain of the alleged activities of the defendant in this matter.

It is a firmly established fact that the federal government's power, authority, and criminal jurisdiction does not extend beyond the boundaries and parameters of the embodiment of the federal government itself, i.e. "territory,lands,propertyowned by the federal governmentover which jurisdiction has been ceded by the state legislature." Congress has clearly stated this fact in the Federal Rules of Criminal Procedures, passim. The argument the defendant brings to this court is the federal government did not have exclusive jurisdiction over the place wherein the alleged activities allegedly took place in land which was ever ceded to the United States, the jurisdictional element(place) becomes essential to establish a federal offense and **must** be proved beyond a reasonable doubt. Applying the Rationale of the Supreme Court in **U.S. v. Mechanik, 475 US 66** and **U.S. v. Hooker, 841 F.2d 1225.** In the absence of this essential element the indictment fails to charge an offense against the United States. The court had no jurisdiction to try the defendant on any allegations that fail to allege a place that would bring the acts within the territorial jurisdiction of the United States. Defendant now asserts his rights under the Fifth and Sixth Amendment of Due Process, in argumenting that he was never indicted by

the grand jury for a federal offense. The failure to presentment the essential element of federal jurisdiction in the pleading of the indictment, precludes the court from sustaining the void judgment. To allow the Plaintiff to implement criminal sanction for acts which occurred in the states , contrary to the intent of the statue and congress is a abuse of power, and fall outside the power given to the government by the constitution. For the foregoing reason defendant asks this court to dismiss the indictment.

Sincerely

INMATE NAME: Evaristus Mackey
REGISTER NO. 26836-034
UNITED STATES PENITENTIARY - HAZELTON
P.O. BOX 2000
BRUCETON MILLS, WEST VIRGINIA 26525

2006 SEP 27 AM 6:57

U.S. District Court
Eastern District of Louisiana
N.O. LA 70130

Legal Mail