UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA           *     CRIMINAL ACTION

VERSUS                             *     NO. 00-316

EVARISTUS MACKEY                   *     SECTION "F"

## ORDER AND REASONS

Before the Court is Evaristus Mackey's motion for resentencing and motion to dismiss indictment. For the reasons that follow, the petitioner's motions are DENIED.

## Background

In June 2001, a jury convicted Evaristus Mackey as being a felon in possession of a firearm in violation of 18 U.S.C. §§922(g)(1) and 924(e). The Court sentenced the petitioner to the maximum term of 327 months, which he is currently serving.

The Fifth Circuit later affirmed the conviction and rejected his petition for rehearing. On January 15, 2004, the Court denied Mackey's petition for habeas corpus pursuant to 28 U.S.C. § 2255. The Court then denied his certificate of appealability. In May 2004, the Fifth Circuit dismissed Mackey's appeal for want of prosecution, failure to timely pay docketing fee, and failure to file a motion for certificate of appealability and brief in support. On July 22, 2005, the Court denied the petitioner's motion for relief from judgment, determining the Court was without jurisdiction to hear the a successive habeas petition.

Mackey now moves for resentencing and to dismiss the indictment.  Both motions are without merit.

## Law and Application

Section 3582(c)(2) vests the Court with discretion to modify a term of imprisonment once it is imposed "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission...if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); see U.S. v. Gonzalez-Balderas, 105 F.3d 981, 982 (5th Cir. 1997); see also U.S. v. Mueller, 168 F.3d 186, 188 (5th Cir. 1999) ("[t]he decision whether to reduce a sentence under Section 3582(c)(2) is discretionary").  Section 3582(c)(2) should not be used to relitigate issues that the petitioner fails to bring up at sentencing.  See U.S. v. Shaw, 30 F.3d 26, 29 (5th Cir. 1994).

Here, Mackey does not argue that his sentence should be lowered because of a subsequent amendment to the advisory sentencing guidelines.  His argument -- that being a felon in possession of a firearm (a violation of 18 U.S.C. § 922(g)(1)) is not a crime of violence such that 18 U.S.C. § 924(e)(1) should not apply to his sentencing calculation -- is simply an attempt to relitigate issues addressed in his appeal to the Fifth Circuit and his motion for post-conviction relief.  Because Section 3582(c)(2) only applies in the context of retroactive guideline amendments,

2

Mackey is not eligible for resentencing.[1]  Likewise, his motion to dismiss indictment under Rule 12(b)(2) is without merit, as Mackey makes no coherent argument supported by applicable law.

Accordingly, the petitioner's motion for resentencing and motion to dismiss indictment are DENIED.

New Orleans, Louisiana, April 2, 2007.

```
                         _____
                              MARTIN L. C. FELDMAN
                           UNITED STATES DISTRICT JUDGE
```

---

[1] Given U.S. Sentencing Guidelines Manual § 4B1.4, cmt. n.1 (2000), Mackey's argument is also without merit.  Section 4B1.4 comment note 1 notes:

> This guideline applies in the case of a defendant subject to an enhanced sentence if the instant offense of conviction is a violation of 18 U.S.C. § 922(g) and the defendant has at least three prior convictions for a "violent felony" or "serious drug offense," committed on occasion different from one another.  The terms "violent felony" and "serious drug offense" are defined in 18 U.S.C. § 924(e)(2).  It is to be noted that the definitions of "violent felony" and "serious drug offense" in 18 U.S.C. § 924(e)(2) are not identical to the definitions of "crime of violence" and "controlled substance offense" used in Section 4B1.1 (Career Offender), nor are the time periods for the counting of prior sentences under Section 4A1.2 (Definitions and Instructions for Computing Criminal History) applicable to the determination of whether a defendant is subject to an enhanced sentence under 18 U.S.C. § 924(e).

As the government notes, Mackey's argument simply ignores the fact that his sentence was enhanced because of his multiple state armed robbery convictions, not his Section 922(g)(1) conviction.