United States District Court
Eastern District of Louisiana

United States Of America,    : Criminal Action
                             :
Versus                       : No. 00-316
                             :
Evaristus Mackey             : Section "F"

## Motion For Resentencing Pursuant To 18 USC 3582(c)(2)

Comes Now, into court, in proper person proceeding pro-se, Evaristus Mackey, to present to this court the following:

The U.S.S.G. was amended November 1, 2003 in 4A1.1(f) — Add 1 point for each prior sentence resulting from a conviction of a crime of violence that did not recieve points under (a), (b), or (c) because such sentence was counted as a single sentence up to a total of 3pts. for this item. The amended sentencing guideline is applied retroactively & applies in the instant case because the [Commentary] Application Note 6. 4A1.1(f)... For example, a defendant's criminal history includes two robbery convictions for offenses committed on different occasions. The sentences for these offenses were imposed on the same day

1

and are counted as a single prior sentence. See 4A1.2(a)(2). The Amended version of 4A1.2(a) Prior Sentence - If the defendant has multiple prior sentences, determine whether those sentences are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e. the defendant is arrested for the first offense prior to committing the second offense). If there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day. Count any prior sentence covered by (A) or (B) as a single sentence. This amended guideline affects pg. 6 of the PSI reflecting two prior convictions that were both sentenced on Oct. 27, 1992 making a single prior sentence. There should only be 3 Criminal History Points and the single prior sentence does not meet the provisions for the ACC enhancement provision of 3 prior convictions. Resentencing is required in the instant case to correct this error and the District Court has jurisdiction under 3582(c)(2).

### Application Of Amendment 433

U.S.S.G. 4B1.1(a) states that: A defendant is a career offender if (2) the instant offense of conviction is a felony that is either a crime of violence or a

controlled substance offense; their are 3 specific characteristics in the language that forms the criteria for being subject to Career or ACC enhancements. The instant offense in the instant case is 922(g) which by the Commentary of 4B1.2 and Amendment 433, 922(g) is not a crime of violence and amendment 433 applies retroactively triggering 3582(c)(2) requiring resentencing in the instant case. The inaccurate computation of the sentence should be recomputed to catagory 3 level 24 is 63 to 78 months or even with a four level enhancement to level 28 is 97-121 months. The accurate recomputation in the instant case is 63 to 78 months appling the new insertion to the U.S.S.G. and amendment 433.

Wherefore: For the reasons previously stated defendant prays this honorable court grant his 3582(c)(2) motion and resentence him to 63-78 months.

Sincerely,



NAME Evaristus Mackey
REG # 26836-034
UNITED STATES PENITENTIARY
P.O. BOX 5500
ADELANTO, CA 92301

SAN BERNARDINO CA 923
01 NOV 2007 PM 2 T

U.S. District Court
Eastern District of Louisiana
N.O., La. 70130

70130/9999

Legal Mail