UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL DOCKET NO: 00-316** |
| v. | * | SECTION: "F" |
| **EVARISTUS MACKEY** | * | |
| | * * * | |

**GOVERNMENT'S MEMORANDUM IN OPPOSITION
TO DEFENDANT'S MOTION FOR RESENTENCING**

**NOW INTO COURT** comes the United States of America, represented herein by the undersigned Assistant United States Attorney, and who respectfully represents to this Honorable Court that the defendant Evaristus Mackey's second Motion for Resentencing should be denied.[1]

On November 5, 2007, Evaristus Mackey ("Mackey") filed a Motion For Resentencing pursuant to 18 U.S.C. § 3582(c)(2). This Court ordered that the Clerk of Court for the Eastern District of Louisiana serve a copy of the application on the United States Attorney for the Eastern District of Louisiana. This Court established a deadline of January 8, 2008 for which to respond to Mackey's motion. Mackey claims that a recent amendment to Sentencing Guideline § 4A1.1(f) if applied retroactively, would mandate a reduction of his sentence. Specifically, Mackey seeks a sentencing reduction from 327 months to a range of 63 to 78 months.

---

[1] Evaristus Mackey filed his first Motion for Resentencing on January 17, 2006. See Rec. Doc. No. 102.

In this Circuit, "[s]ection 3582(c)(2) permits a district court to reduce a term of imprisonment when it is based upon a sentencing range that has subsequently been lowered by an amendment to the guidelines, if such a reduction is consistent with the policy statements issued by the sentencing commission." United States v. Gonzalez-Balderas, 105 F.3d 981, 982 (5th Cir. 1997). Section 3582(c)(2) only applies to retroactive guideline amendments specified in Federal Sentencing Guidelines ("Guidelines") section 1B1.10(d). See United States v. Shaw, 30 F.3d 26, 29 (5th Cir. 1994).[2] In United States v. Miller, 903 F.2d 341 (5th Cir. 1990), the Fifth Circuit held that a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) is only appropriate to the extent provided by § 1B1.10 of the Guidelines. See Id. at 349.

Mackey never cites specifically to the Guidelines amendment that purportedly supports his resentencing motion. What he does cite to is the amendment's effective date (November 11, 2007) and the affected Guidelines section (4A1.1(f)). The only amendment to section 4A1.1(f) that became effective on November 11, 2007 was Amendment 709. Amendment 709 is not retroactive because it is not listed under § 1B1.10(c) which authorizes sentencing reductions pursuant to 18 U.S.C. § 3582(c)(2). Thus, 18 U.S.C. § 3582(c)(2) provides no basis for an application for reduction of sentence. See Shaw, 30 F.3d at 29; Miller, 903 F.2d at 349.

Even if Amendment 709 is applied retroactively, it would affect sentencing calculations imposed pursuant to § 4A1.1(f) only. Section 4A1.1(f) may have had some affect on Mackey's sentence had he been sentenced as a "Career Offender," but he was not. Instead, this Court

---

[2] Section 1B1.10(d) was redesignated as 1B1.10(c) effective November 1, 1994. See U.S. Sentencing Guidelines Manual App. C, amend. 504.

sentenced Mackey as an "Armed Career Offender." Accordingly, Mackey's sentence was influenced by Title 18, United States code, Section 924(e) and Guidelines section 4B1.4. Neither the statute nor the Guidelines section was affected by Amendment 709. Therefore, Mackey's motion for a reduction in sentence should be denied.[3]

            Respectfully submitted,

            JIM LETTEN
            UNITED STATES ATTORNEY

            s/ Duane A. Evans
            DUANE A. EVANS (#24086)
            Assistant United States Attorney
            500 Poydras Street, Room 210-B
            New Orleans, Louisiana  70130
            Telephone:  (504) 680-3069
            duane.evans@usdoj.gov

**CERTIFICATE OF SERVICE**

      I hereby certify that on November 16, 2007, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all defense counsel of record.   I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following participant: Evaristus B Mackey, Jr., Inmate #26836-034, United States Penitentiary-Hazelton, P.O. Box 2000, Bruceton Mills, WV 26525.

            s/ Duane A. Evans
            DUANE A. EVANS
            Assistant United States Attorney

---

[3] For similar reasons, Amendment 433 is also inapplicable. See United States v. Fair, 124 F.3d 194 (5th Cir. 1997)(per curium)(unpublished)("Moreover, Fair was sentenced as an armed career criminal pursuant to U.S.S.G. § 4B1.4(b)(3)(B), which makes no reference to § 4B1.2, the section to which amendment 433 applies.")(Attached as Exhibit 1).  Amendment 433 was effective prior to Mackey's sentencing date and cannot apply retroactively to Mackey's sentence.