

124 F.3d 194                                                                                          Page 1
124 F.3d 194, 1997 WL 533548 (C.A.5 (Tex.))
**(Cite as: 124 F.3d 194)**

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

124 F.3d 194
124 F.3d 194, 1997 WL 533548 (C.A.5 (Tex.))
**(Cite as: 124 F.3d 194)**

© 2007 Thomson/West. No Claim to Orig. U.S.
Govt. Works.

U.S. v. Fair
C.A.5 (Tex.),1997.
This case was not selected for publication in the
Federal Reporter.Not for Publication in West's
Federal Reporter See Fed. Rule of Appellate
Procedure 32.1 generally governing citation of
judicial decisions issued on or after Jan. 1, 2007.
See also Fifth Circuit Rules 28.7, 47.5.3, 47.5.4.
(Find CTA5 Rule 28 and Find CTA5 Rule 47)
United States Court of Appeals,Fifth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Marion Eugene FAIR, Defendant-Appellant.
**No. 97-20206.**
**Conference Calendar.**

Aug. 15, 1997.

Appeal from the United States District Court for the
Southern District of Texas USDC No. H-91-CR-
0141.

Before KING, HIGGINBOTHAM, and DUHÉ,
Circuit Judges.
PER CURIAM.[FN*]

FN* Pursuant to 5TH CIR. R. 47.5, the court
has determined that this opinion should not
be published and is not precedent except
under the limited circumstances set forth in
5TH CIR. R. 47.5.4.
**\*1** Marion Eugene Fair, federal prisoner # 59359-
079, appeals from the denial of his motion to reduce
his sentence because of an amendment to the
sentencing guidelines, pursuant to 18 U.S.C. §
3582(c)(2). Fair contends that his presentence report

(PSR) should be corrected to adjust his offense level
for acceptance of responsibility and that amendment
433 to the sentencing guidelines should be applied to
his case. Under that amendment, Fair argues, his
firearm offense was not a "crime of violence" for
purposes of the career-offender guideline.

Fair raises his acceptance-of-responsibility contention
for the first time on appeal; his contention is reviewed
for plain error. *Douglass v. United Servs. Auto. Ass'n,
79 F.3d 1415, 1428 (5th Cir.1996)* (en banc).FED.
R.CRIM. P. 32 contains no provisions for post-
sentencing correction of a PSR. Fair seeks
modification of his sentence through an adjustment to
his guideline offense level; his Rule 32 contention
should be construed liberally as a request for relief
pursuant to 28 U.S.C. § 2255.

Fair has had adverse judgments and appeals on two §
2255 motions. Had he raised his contention in the
district court, his motion would have been subject to
dismissal because Fair had not obtained leave of this
court to file a successive § 2255 motion. 28 U.S.C. §
2244(b)(3)(A).

Fair was sentenced on January 17, 1992. Amendment
433, on which he relies, became effective November
1, 1991. U.S.S.G. app. C, amend. 433. 18 U.S.C. §
3582(c) applies only to cases in which a change to the
guidelines became effective after a defendant was
sentenced. Section 3582(c) does not apply to Fair's
motion. Had the district court construed Fair's §
3582(c) motion as a § 2255 motion, the motion
would have been subject to dismissal for failure to
obtain leave of this court to file the motion. 28 U.S.C.
§ 2244(b)(3)(A). Moreover, Fair was sentenced as an
armed career criminal pursuant to U.S.S.G. §
4B1.4(b)(3)(B), which makes no reference to §
4B1.2, the section to which amendment 433 applies.
Fair's argument based on amendment 433 therefore is
without merit.

APPEAL DISMISSED. 5TH CIR. R. 42.2.

C.A.5 (Tex.),1997.
U.S. v. Fair

124 F.3d 194, 1997 WL 533548 (C.A.5 (Tex.))

END OF DOCUMENT