```
                   UNITED STATES DISTRICT COURT

                   EASTERN DISTRICT OF LOUISIANA


UNITED STATES OF AMERICA              *     CRIMINAL ACTION

VERSUS                                *     NO. 00-316

EVARISTUS MACKEY                      *     SECTION "F"
```

## ORDER AND REASONS

Before the Court is Evaristus Mackey's motion for resentencing pursuant to 18 U.S.C. § 3582(c)(2). For the reasons that follow, the petitioner's motion is DENIED.

## Background

In June 2001, a jury convicted Evaristus Mackey on three counts of being a felon in possession of a firearm in violation of 18 U.S.C. §§922(g)(1) and 924(e). The Court sentenced the petitioner to the maximum term of 327 months, which he is currently serving.

The Fifth Circuit later affirmed the conviction and rejected his petition for rehearing. On January 15, 2004, the Court denied Mackey's petition for habeas corpus pursuant to 28 U.S.C. § 2255. The Court then denied his certificate of appealability. In May 2004, the Fifth Circuit dismissed Mackey's appeal for want of prosecution, failure to timely pay docketing fee, and failure to file a motion for certificate of appealability and brief in support. On July 22, 2005, the Court denied the petitioner's motion for relief from judgment, determining the Court was without jurisdiction to hear the a successive habeas petition. On April 2,

2007, the Court denied Mackey's motion for resentencing and motion to dismiss indictment.

Mackey now moves for resentencing a second time.

### Law and Application

Section 3582(c)(2) vests the Court with discretion to modify a term of imprisonment once it is imposed "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission...if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); see U.S. v. Gonzalez-Balderas, 105 F.3d 981, 982 (5th Cir. 1997); see also U.S. v. Mueller, 168 F.3d 186, 188 (5th Cir. 1999) ("[t]he decision whether to reduce a sentence under Section 3582(c)(2) is discretionary").

Section 3582(c)(2) only applies to retroactive guideline amendments specified in Guidelines section 1B1.10(c). See U.S. v. Shaw, 30 F.3d 26, 29 (5th Cir. 1994); see also United States v. Miller, 903 F.2d 341 (5th Cir. 1990) (holding that a sentence reduction pursuant to Section 3582(c)(2) is only appropriate to the extent provided by section 1B1.10 of the Guidelines). Section 3582(c)(2) should not be used to relitigate issues that the petitioner fails to bring up at sentencing. See Shaw, 30 F.3d at 29.

Here, Mackey seeks a sentencing reduction from 327 months to a range of 63 to 78 months. He maintains that a recent amendment to Sentencing Guideline § 4A1.1(f), if applied retroactively, would

mandate such a reduction of his sentence. As the Government points out, however, Mackey never cites specifically to the Guidelines amendment that purportedly supports his resentencing motion. Rather, he cites to the amendment's effective date -- November 11, 2007, and the affected Guidelines section -- 4A1.1(f).

The only amendment to section 4A1.1(f) that became effective on November 11, 2007 was Amendment 709. The Government contends that Amendment 709 is not retroactive because it is not listed under that section of the Guidelines, section 1B1.10(c), which authorizes sentencing reductions pursuant to 18 U.S.C. § 3582(c)(2). The Court agrees: the petitioner has not shown that 18 U.S.C. § 3582(c)(2) provides any basis to support his application for reduction of sentence. See Shaw, 30 F.3d at 29; see also Miller, 903 F.2d at 349. Because Section 3582(c)(2) only applies in the context of retroactive guideline amendments, Mackey is not eligible for resentencing.[1]

---

[1] The Court notes that reference to section 4B1.4, the section of the Guidelines applicable to the petitioner's sentence, likewise undermines what the Court believes the pro se petitioner is asserting. Section 4B1.4 comment note 1 (2000) notes:

> This guideline applies in the case of a defendant subject to an enhanced sentence if the instant offense of conviction is a violation of 18 U.S.C. § 922(g) and the defendant has at least three prior convictions for a "violent felony" or "serious drug offense," committed on occasion different from one another. The terms "violent felony" and "serious drug offense" are defined in 18 U.S.C. § 924(e)(2). It is to be noted that the definitions of "violent felony" and "serious drug offense" in 18 U.S.C. § 924(e)(2) are not identical to the definitions of "crime of violence" and "controlled substance offense" used in Section 4B1.1 (Career

Accordingly, the petitioner's motion for resentencing is DENIED.

New Orleans, Louisiana, December 11, 2007.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

    Offender), nor are the time periods for the counting of prior sentences under Section 4A1.2 (Definitions and Instructions for Computing Criminal History) applicable to the determination of whether a defendant is subject to an enhanced sentence under 18 U.S.C. § 924(e).

As the government notes, even if Amendment 709 applied retroactively, it would only affect sentencing calculations imposed pursuant to section 4A1.1(f), which did not affect Mackey's sentence because he was not sentenced as a "career offender" but rather as an "armed career offender." That is, Mackey's argument ignores the fact that his sentence was enhanced because of his multiple state armed robbery convictions, not his Section 922(g)(1) conviction.