TENDERED FOR FILING
DEC 11 2007
U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

U.S. DISTRICT COURT
Eastern District of Louisiana
FILED DEC 11 2007
LORETTA G. WHYTE
Clerk  WP

# United States District Court
## Eastern District Of Louisiana

United States Of America  :  Criminal Docket No. 00-316
:
v.  :  Section: "F" (2)
:
Evaristus Mackey  :

### Response To Government's Memorandum In Opposition To Defendant's Motion For Resentencing

Comes Now, into court in proper person, proceeding in proper persona, Evaristus Mackey, to present to this Honorable Court the following:

Amendment 433 is applied retroactively & triggers a 3582 (c)(2) motion for resentencing. The 'commentary' is [binding] on federal courts see; Stinson v. U.S., 508 U.S. 36. Held: (a) The court of appeals erred in concluding that the commentary added... is not binding on the federal courts. Commentary which function to "interpret & if [a] guideline or explain how it is to be applied" 1B1.7 controls, & if failure or misreading of such commentary results in a sentence "selected from the wrong guideline range" Williams v. U.S., 503 U.S.___, 117 L.Ed 2d 341, 112 S. Ct. 1112 (1992)... would constitute an incorrect application of the guidelines" that should be set aside under 18 USC 3742 (f)(1), 4B1.2 Commentary Application Note 3 (Career Offender)

1.

expressly provides that the instant offense(s) must be 'crimes of violence' or 'controlled substance' offenses which the defendant was [convicted]... being a felon in possession of a firearm would not be found to have committed "crime of violence" for purposes of Armed Career Criminal Act; see Amend. 433. In the instant case, the Second Superseding Indictment only charges possession of a firearm & Amend. 433 applies retroactively clarifying that 922(g) is "not a crime of violence" & Chapter "4" Enhancements do not apply in accordance with Stinson & Fitzhugh, 954 F.2d 253 and Shano, 955 F.2d 291 both (5th Cir. 1992). The sentence must be set aside & corrected without Chapter 4 Enhancements (that can only be imposed upon a conviction in the instant case of a crime of violence or control substance. Amendment 433 falls under 1B1.10 (c) which again, triggers 3582 (c)(2). The Commentary under 4A1.1(f) paragraph1/Application Note '6'... & in the second paragraph by striking "that were consolidated for sentencing & therefore are treated as related," and inserting," The sentences for these offenses were imposed on the same day & are counted as a single prior sentence. See: Section 4A1.2(a)(2). Also 4A1.1(f) is amended by striking "was considered related to another sentence resulting from a conviction of a crime of violence" and inserting "was counted as a single sentence." The commentary is [binding] on federal courts that interpret/explain how the

2.

guideline is to be applied... See: Stinson, The government opposition does not supersede Congressional intent for ① ACCA provisions of 3 priors, ② Commentary added to the Sentencing Guideline that's binding on federal courts. Amendment 433 is applied retroactively and is inapplicable in the case at bar to trigger 3582(c)(2) & the Amended Commentary is binding on the court.

## Conclusion

The instant motion for resentencing should be granted on the grounds that criteria for 924(c) / Chapter "4" Enhancements are inapplicable in the case at bar.

Wherefore: Defendant prays this honorable court grant his 3582(c)(2) motion for resentencing

Sincerely,

3.

Evaristus Mackey
26836-034
P.O. Box 5500
Adelanto, Ca. 92301

U.S. District Court
Eastern District of Louisiana
New Orleans, La. 70130

7013045535

Legal Mail