U.S. DISTRICT COURT
Eastern District of Louisiana
FILED FEB 25 2008
LORETTA G. WHYTE
Clerk

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| United States of America, Plaintiff <br><br> v. <br><br> Evaristus Mackey, Defendant. | Criminal Docket <br><br> No. 00-316 <br><br> Section "F"(2) |

MOTION FOR THIS HONORABLE COURT TO
TAKE JUDICIAL NOTICE OF THE U.S.
SENTENCING COMMISSION APPROVING A
BENEFICAL AMENDMENT (709) TO THE
GUIDELINES FOR "CLARIFYING CRIMINAL
HISTORY PRIOR CONVICTIONS"

Comes Now, Evaristus Mackey, in the instant case, respectfully requesting this Honorable Court to take judicial notice of the Sentencing Commission approving a benefical amendment (709) to the United States Guidelines "Clarifying Criminal History Prior Convictions," and as shown herein the defendant states:

A.

The Supreme Court has approved the principal that a judge may take judicial notice of all or part of a judicial record made in his court. See, **Gilmore v. City of Montogemry**, 417 U.S. 556, 567, n. 8, 94 S.Ct. 2416, 411 Ed. 2d 304 (1974), and of federal statues, and regulations. See **Marbury v. Madison**, 5 U.S. 137, 178-179, 2 L. Ed. 60 (1803). Also, See **Wells v. U.S.**, 318 U.S. 257, 87 L. Ed. 746, 63 S. Ct. 582 (1943) (judicial notice of court records is apporiate) Also, **Lamar v. Micou**, 114 U.S. 218, 5 S. Ct. 859, 29 L. Ed. 94 (1885) ("The law of any state of the union, whether depending upon statues or upon judicial opinions, is a matter of which the court of the U.S. are bound to take judicial notice without plea or proof"). Nonetheless, 201 (f) of the Proposed Rules of Evidence for United States Courts and Magistrates, as explained by the Advisory Committees Note, provides

**TENDERED FOR FILING**

1.

FEB 25 2008

Fee___
Process___
X Dktd___
X CtRmDep___
Doc. No.___

that judicial notice may be taken at "any" stage of the proceedings...56 F.R.D. 183, 206. Also, see **Werk v. Parker**, 24 U.S. 130, 132-33, 39 S.Ct. 197 63 L. Ed. 514 (1919), and **New York Indians v. U.S.**, 170 U.S. 1, 18 S.Ct. 531 42 L.Ed. 927 (1898). Additionally, this court also may consider matters of which it may take judicial notice, matters of public record, items appearing in the record of the case, and exhibits attached to the complaint may also be considered, see 201 (d), a district "**must**" take judicial notice "if it is requested by a party and supplied with the necessary info." Id at 201 (d). Also, see 5B Charles Alan Wright Et Al. Federal Practice and Procedure section 1357 (3 ded 2004),

Moreover a court may take judicial notice of facts, even if such facts were not noticed by the trial court. See, **U.S. v. Herrera-Ocha**, 245 F. 3d. 495, 501 (5th Cir. 2001).

B.

Amendments to the guidelines and their commentary intended only to clarify, rather than effect substantive changes, may be considered if not effective at the time of the commission of the offense or at the time of sentencing. U.S. Sentencing Guideline Manual 1B1.11 (b)(2). In the instant case amendment 709 (a clarifying amendment for Criminal History of Prior Convictions) went into effect on Nov. 1, 2007 clarifying the Objections raised at sentencing on September 5, 2001 were accurate and correct that only **one** prior exist. See attached exhibits of the Sentencing Guideline and Amended Sentencing Guideline with the PSI inacurrate computation of the **one** prior that was pled guilty to on October 22, 1992. This **one** prior does not meet the threshold requirement of three previous convictions for 924(e) penalty enhancement in the instant case. 18 USC 3742 (a) (1), (2) and (3) are applicable in the instant case should this notice not be granted and the 924(e) penalty enhancement be removed and the sentence recomputed to the accurate computation of 5 Criminal History points and a base offense level of 24 is 63 to 78 months.

Jurisdiction is vested in this honorable court to correct the record in the instant case applying reactroactive application to a "clarifying amendment", see U.S. v. Huff, 370 F. 3d 454(5th Cir. 2004)...Nevertheless,we have held that on direct appeal we may "consider" an amendment to commentary of the revelant guideline, 370 F. 3d 466 even though the amendment did not become effective until after sentencing,"if it is intended to clarify application of a guideline" and "was not intended to make any subatantive changes to it [the guideline] or its commentary." "United States v. Gross, 26 F. 3d 552, 555(5th Cir. 1994). Where we have done this we have generally pointed to express language on the part of the Commission that the amendment is a clarifying one. See, e.g. United States v. Aguilera-Zapata, 901 F. 2d 1209, 1213(5th Cir. 1990); United States v. Maseratti, 1 F. 3d 330, 340(5th Cir. 1993); United States v. Anderson, 5 F. 3d 795, 801-02(5th Cir. 1993). 19 We have stated that such an "amendment is not controlling, [but] we **consider it as evidence of the Sentencing Commission intent behind"** the original guideline" Anderson at 802. See also, e.g. Gross at 553 (postsentencing clarifying amendment to commentary confirms meaning we would otherwise give to preamendment commentary)]. See also, U.S. v Evbuomwan, 992 F. 2d 70(5th Cir. 1993)...Footnotes; if an amendment was intended only to clarify Section 1B1.3's application and, therefore, implicity was not intende to make any substantive changes to it or its commentary, we may consider the amended language of Application Note 1 to Section 1B1.3 even though it was not effective at the time of the commission of the offense in question. This honorable court has jurisdiction to apply the "Clarifying Amendment (709)" in the instant case that clarified the application of "related cases" and "consolidation" establishing the fact that defendant only has **one prior**. Without mulitple priors, the 924(e) threshold requirement of three previous convictions isn't met and therefore defendant is not an Armed Career Criminal.

For the foregoing reasons, this Honorable Court should take judicial notice of the U.S. Sentencing Commission approving a benefical amendment to the U.S. Guidelines (709) "Clarifying the use of prior convictions for sentencing computation and to construe this instant motion liberally. <u>Haines v. Kerner</u>, 404 U.S. 519 S.Ct. 594, 5, 96, 30 L. Ed 2d 652 (1972).

Sincerely,