another offense, the guideline applicable to an attempt to commit the other offense should be applied, if the resulting offense level is higher. The Commission concluded that operation of the cross reference would capture the harms associated with the aggravated forms of this offense referenced at 18 U.S.C. § 1039(d) or (e). The amendment also expands the scope of the existing three-level enhancement in the guideline to include cases in which the defendant is convicted under 18 U.S.C. § 1039(d) or (e). Thus, in a case in which the cross reference does not apply, application of the enhancement will capture the increased harms associated with the aggravated offenses. Finally, the amendment expands the upward departure note to include tax return information of a substantial number of individuals.

Section 153 of the Adam Walsh Child Protection and Safety Act of 2006, Pub. L. 109-248 (the "Adam Walsh Act"), added a new offense at 42 U.S.C. § 16962, which provides a statutory maximum term of imprisonment of 10 years for the improper release of information obtained in fingerprint-based checks for the background check of either foster or adoptive parents or of individuals employed by, or considering employment with, a private or public educational agency. Additionally, section 627 of the Adam Walsh Act added a new Class A Misdemeanor offense at 42 U.S.C. § 16984 prohibiting the use of a child's fingerprints for any purpose other than providing those fingerprints to the child's parent or legal guardian. This amendment references both offenses to §2H3.1, providing a base offense level of 9 under §2H3.1(a)(1) if the defendant was convicted of violating 42 U.S.C. § 16962, and a base offense level of 6 if the defendant was convicted of violating 42 U.S.C. § 16984.

Finally, this amendment implements the Violence Against Women and Department of Justice Reauthorization Act of 2005, Pub. L. 109-162 ("VAWA"). VAWA included the International Marriage Broker Regulation Act of 2005 ("IMBRA"), which requires marriage brokers to keep private information gathered in the course of their business confidential. New offenses at 8 U.S.C. §§ 1375a(d)(3)(C) and 1375a(d)(5)(B) involve invasions of protected privacy interests and, as such, are referenced to §2H3.1.

The Commission concluded that referencing these new offenses to §2H3.1 was appropriate because each of the new offenses is similar to the types of privacy offenses referenced to this guideline.

※ 12.  Criminal History  ※ *Clarifying Amendment 709*

Amendment: Section 4A1.1(f) is amended by striking "was considered related to another sentence resulting from a conviction of a crime of violence" and inserting "was counted as a single sentence"; and by striking the last sentence.

The Commentary to §4A1.1 captioned "Application Notes" is amended in Note 6 by striking the first paragraph and inserting the following:

31

"§4A1.1(f). In a case in which the defendant received two or more prior sentences as a result of convictions for crimes of violence that are counted as a single sentence (see §4A1.2(a)(2)), one point is added under §4A1.1(f) for each such sentence that did not result in any additional points under §4A1.1(a), (b), or (c). A total of up to 3 points may be added under §4A1.1(f). For purposes of this guideline, 'crime of violence' has the meaning given that term in §4B1.2(a). See §4A1.2(p).";

and in the second paragraph by striking "that were consolidated for sentencing and therefore are treated as related." and inserting ". The sentences for these offenses were imposed on the same day and are counted as a single prior sentence. See §4A1.2(a)(2).".

Section 4A1.2(a) is amended in the heading by striking "Defined"; and by striking subdivision (2) and inserting the following:

"(2)   If the defendant has multiple prior sentences, determine whether those sentences are counted separately or as a single sentence. Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense). If there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day. Count any prior sentence covered by (A) or (B) as a single sentence. See also §4A1.1(f).

For purposes of applying §4A1.1(a), (b), and (c), if prior sentences are counted as a single sentence, use the longest sentence of imprisonment if concurrent sentences were imposed. If consecutive sentences were imposed, use the aggregate sentence of imprisonment."

Section 4A1.2(c)(1) is amended by striking "at least one" and inserting "more than one"; by striking "Fish and game violations"; and by striking "Local ordinance violations (excluding local ordinance violations that are also criminal offenses under state law)".

Section 4A1.2(c)(2) is amended by inserting "Fish and game violations" as a new line before the line referenced to "Hitchhiking"; and by inserting "Local ordinance violations (except those violations that are also violations under state criminal law)" as a new line before the line referenced to "Loitering".

The Commentary to §4A1.2 captioned "Application Notes" is amended by striking Note 3 and inserting the following:

"3.   Upward Departure Provision.—Counting multiple prior sentences as a single sentence may result in a criminal history score that underrepresents the seriousness of the defendant's criminal history and the danger that the defendant

52

4A1.1(e) Old Sen. Gd. Ln.

(f) Add 1 point for each prior sentence resulting from a conviction of a crime of violence that did not receive any points under (a), (b), or (c) above because such sentence was considered related to another sentence resulting from a conviction of a crime of violence, up to a total of 3 points for this item. ~~Provided, that this item does not apply where the sentences are considered related because the offenses occurred on the same occasion.~~

### Commentary

The total criminal history points from § 4A1.1 determine the criminal history category (I-VI) in the Sentencing Table in Chapter Five, Part A. The definitions and instructions in § 4A1.2 govern the computation of the criminal history points. Therefore, §§ 4A1.1 and 4A1.2 must be read together. The following notes highlight the interaction of §§ 4A1.1 and 4A1.2.

*Application Notes:*

1. § 4A1.1(a). Three points are added for each prior sentence of imprisonment exceeding one year and one month. There is no limit to the number of points that may be counted under this item. The term "prior sentence" is defined at § 4A1.2(a). The term "sentence of imprisonment" is defined at § 4A1.2(b). Where a prior sentence of imprisonment resulted from a revocation of probation, parole, or a similar form of release, see § 4A1.2(k).

Certain prior sentences are not counted or are counted only under certain conditions:

A sentence imposed more than fifteen years prior to the defendant's commencement of the instant offense is not counted unless the defendant's incarceration extended into this fifteen year period. See § 4A1.2(e).

A sentence imposed for an offense committed prior to the defendant's eighteenth birthday is counted under this item only if it resulted from an adult conviction. See § 4A1.2(d).

A sentence for a foreign conviction, a conviction that has been expunged, or an invalid conviction, is not counted. See § 4A1.2(h) and (j) and the Commentary to § 4A1.2.

2. § 4A1.1(b). Two points are added for each prior sentence of imprisonment of at least sixty days not counted in § 4A1.1(a). There is no limit to the number of points that may be counted under this item. The term "prior sentence" is defined at § 4A1.2(a). The term "sentence of imprisonment" is defined at § 4A1.2(b). Where a prior sentence of imprisonment resulted from a revocation of probation, parole, or a similar form of release, see § 4A1.2(k).

Certain prior sentences are not counted or are counted only under certain conditions:

A sentence imposed more than ten years prior to the defendant's commencement of the instant offense is not counted. See § 4A1.2(e).

An adult or juvenile sentence imposed for an offense committed prior to the defendant's eighteenth birthday is counted only if confinement resulting from such sentence extended into the five-year period preceding the defendant's commencement of the instant offense. See § 4A1.2(d).

© 2007 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

Sentences for certain specified non-felony offenses are never counted. See § 4A1.2(c)(2).
A sentence for a foreign conviction or a tribal court conviction, an expunged conviction, or an invalid conviction, is not counted. See § 4A1.2(h), (i), (j), and the Commentary to § 4A1.2.
A military sentence is counted only if imposed by a general or special court martial. See § 4A1.2(g).

3. § 4A1.1(c). One point is added for each prior sentence not counted under § 4A1.1(a) or (b). A maximum of four points may be counted under this item. The term "prior sentence" is defined at § 4A1.2(a).

Certain prior sentences are not counted or are counted only under certain conditions:

A sentence imposed more than ten years prior to the defendant's commencement of the instant offense is not counted. See § 4A1.2(e).

An adult or juvenile sentence imposed for an offense committed prior to the defendant's eighteenth birthday is counted only if imposed within five years of the defendant's commencement of the current offense. See § 4A1.2(d).

Sentences for certain specified non-felony offenses are counted only if they meet certain requirements. See § 4A1.2(c)(1).

Sentences for certain specified non-felony offenses are never counted. See § 4A1.2(c)(2).

A diversionary disposition is counted only where there is a finding or admission of guilt in a judicial proceeding. See § 4A1.2(f).

A sentence for a foreign conviction, a tribal court conviction, an expunged conviction, or an invalid conviction, is not counted. See § 4A1.2(h), (i), (j), and the Commentary to § 4A1.2.

A military sentence is counted only if imposed by a general or special court martial. See § 4A1.2(g).

4. § 4A1.1(d). Two points are added if the defendant committed any part of the instant offense (i.e., any relevant conduct) while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status. Failure to report for service of a sentence of imprisonment is to be treated as an escape from such sentence. See § 4A1.2(n). For the purposes of this item, a "criminal justice sentence" means a sentence countable under § 4A1.2 (Definitions and Instructions for Computing Criminal History) having a custodial or supervisory component, although active supervision is not required for this item to apply. For example, a term of unsupervised probation would be included, but a sentence to pay a fine, by itself, would not be included. A defendant who commits the instant offense while a violation warrant from a prior sentence is outstanding (e.g., a probation, parole, or supervised release violation warrant) shall be deemed to be under a criminal justice sentence for the purposes of this provision if that sentence is otherwise countable, even if that sentence would have expired absent such warrant. See § 4A1.2(m).

5. § 4A1.1(e). Two points are added if the defendant committed any part of the instant offense

© 2007 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

(i.e., any relevant conduct) less than two years following release from confinement on a sentence counted under § 4A1.1(a) or (b). This also applies if the defendant committed the instant offense while in imprisonment or escape status on such a sentence. Failure to report for service of a sentence of imprisonment is to be treated as an escape from such sentence. See § 4A1.2(n). However, if two points are added under § 4A1.1(d), only one point is added under § 4A1.1(e).

6. § 4A1.1(f). Where the defendant received two or more prior sentences as a result of convictions for crimes of violence that are treated as related cases but did not arise from the same occasion (i.e., offenses committed on different occasions that were part of a single common scheme or were consolidated for trial or sentencing; see Application Note 3 of the Commentary to § 4A1.2), one point is added under § 4A1.1(f) for each such sentence that did not result in any additional points under § 4A1.1(a), (b), or (c). A total of up to 3 points may be added under § 4A1.1(f). "Crime of violence" is defined in § 4B1.2(a); see § 4A1.2(p).

For example, a defendant's criminal history includes two robbery convictions for offenses committed on different occasions that were consolidated for sentencing and therefore are treated as related. If the defendant received a five-year sentence of imprisonment for one robbery and a four-year sentence of imprisonment for the other robbery (consecutively or concurrently), a total of 3 points is added under § 4A1.1(a). An additional point is added under § 4A1.1(f) because the second sentence did not result in any additional point(s) (under § 4A1.1(a), (b), or (c)). In contrast, if the defendant received a one-year sentence of imprisonment for one robbery and a nine-month consecutive sentence of imprisonment for the other robbery, a total of 3 points also is added under § 4A1.1(a) (a one-year sentence of imprisonment and a consecutive nine-month sentence of imprisonment are treated as a combined one-year-nine-month sentence of imprisonment). But no additional point is added under § 4A1.1(f) because the sentence for the second robbery already resulted in an additional point under § 4A1.1(a). Without the second sentence, the defendant would only have received two points under § 4A1.1(b) for the one-year sentence of imprisonment.

*Background.* Prior convictions may represent convictions in the federal system, fifty state systems, the District of Columbia, territories, and foreign, tribal, and military courts. There are jurisdictional variations in offense definitions, sentencing structures, and manner of sentence pronouncement. To minimize problems with imperfect measures of past crime seriousness, criminal history categories are based on the maximum term imposed in previous sentences rather than on other measures, such as whether the conviction was designated a felony or misdemeanor. In recognition of the imperfection of this measure however, § 4A1.3 authorizes the court to depart from the otherwise applicable criminal history category in certain circumstances.

Subdivisions (a), (b), and (c) of § 4A1.1 distinguish confinement sentences longer than one year and one month, shorter confinement sentences of at least sixty days, and all other sentences, such as confinement sentences of less than sixty days, probation, fines, and residency in a halfway house.

Section 4A1.1(d) implements one measure of recency by adding two points if the defendant was under a criminal justice sentence during any part of the instant offense.

Section 4A1.1(e) implements another measure of recency by adding two points if the defendant committed any part of the instant offense less than two years immediately following his release from confinement on a sentence counted under § 4A1.1(a) or (b). Because of the potential overlap of (d) and (e), their combined impact is limited to three points. However, a defendant who falls within both (d) and (e) is more likely to commit additional crimes; thus, (d) and (e) are not completely combined.

© 2007 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

§ 4A1.2.  Definitions and Instructions for Computing Criminal History [Caution: See prospective amendment note below.]

(a) ~~Prior Sentence Defined~~

(1) The term "prior sentence" means any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of nolo contendere, for conduct not part of the instant offense.

(2) ~~Prior sentences imposed in unrelated cases are to be counted separately. Prior sentences imposed in related cases are to be treated as one sentence for purposes of § 4A1.1(a), (b), and~~

(c) ~~Use the longest sentence of imprisonment if concurrent sentences were imposed and the aggregate sentence of imprisonment imposed in the case of consecutive sentences.~~

© 2007 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

| | | |
|---|---|---:|
| 15. | **Base Offense Level:** Pursuant to U.S.S.G. 3D1.2 (d) all three counts can be grouped. Under 2K2.1(a)(2), a felon with at least two prior felony convictions of either a crime of violence or a controlled substance has a base offense level of 24. | 24 |
| 16. | **Specific Offense Characteristics:** As per 2K2.1(b)(5) there is a four level enhancement if the defendant used or possessed any firearm in connection with another felony offense. In the instances of Counts 1 and 2 of the second superseding indictment, victims testified in court that the defendant used or possessed a firearm when he robbed them. | 4 |
| 17. | **Victim Related Adjustments:** None. | 0 |
| 18. | **Adjustment for Role in the Offense:** None. | 0 |
| 19. | **Adjustment for Obstruction of Justice:** None. | 0 |
| 20. | **Adjusted Offense Level (Subtotal):** | 28 |
| 21. | **Chapter Four Enhancements:** As is shown in Part B (Criminal History) below, the defendant has been convicted of multiple armed robberies. Since the instant offense is a conviction for 18 U.S.C. §924(e)(1), and the defendant used a firearm in the commission of two armed robberies, the defendant is an armed career criminal within the meaning of U.S.S.G. §4B1.4(b)(3)(A). | 34 |
| 22. | **Adjustment for Acceptance of Responsibility:** | 0 |
| 23. | **Total Offense Level:** | 34 |

## PART B. DEFENDANT'S CRIMINAL HISTORY

### Juvenile Adjudications

24. None.

### Adult Criminal Convictions

|  | Date of Arrest | Conviction/Court | Date Sentence Imposed/Disposition | Guideline | Pt |
|---|---|---|---|---|---|
| 25. | 07/26/89 (age 22) | Failure to appear; Lawton Municipal Court, Lawton, Oklahoma; Docket No. C89-809W | 08/28/89; 30 days imprisonment and a fine. | 4A1.1(c) and 4A1.2(c)(1) | 0 |

26. The defendant was not represented by counsel when he pled guilty. According to the arrest record, the police arrested the defendant at his residence for failure to appear in court on a charge of discharging a firearm within city limits. Neither offense details or information about whether Mackey was advised of his rights prior to entering his plea were available.

27.

|  | Date of Arrest | Conviction/Court | Date Sentence Imposed/Disposition | Guideline | Pt |
|---|---|---|---|---|---|
|  | 8/31/92/ (age 25) | Armed Robbery, two counts/ Orleans Parish Criminal District Court Docket# 358-700 | 10/22/92/ 10 years imprisonment, each count concurrent; released on good time 12/11/97. | 4A1.1(a) & 4A1.1(f) | 3 |

28. The defendant was represented by counsel when he pled guilty to this offense. The affidavits of probable cause reflect that Mackey robbed Sharon Henderson and Joyce Scott on August 31, 1992. The defendant was armed with a dangerous weapon, to wit: a gun on both occasions.

|  | Date of Arrest | Conviction/Court | Date Sentence Imposed/Disposition | Guideline | Pt |
|---|---|---|---|---|---|
| 29. | 9/15/92/ (age 25) | Armed Robbery, three counts/ Orleans Parish Criminal District Court Docket# 359-132 | 10/22/92/ 10 years imprisonment, each count concurrent; released on good time 12/11/97. | 4A1.1(a) & 4A1.1(f) | 3 |

30. The defendant was represented by counsel when he pled guilty. The present offense is an alleged violation of his parole, consequently the State of Louisiana, Department of Public Safety and Corrections lodged a detainer on October 9, 2000. The affidavits of probable cause reflect that the Defendant robbed the following victims on said dates: Arian Cojoe of U.S. Currency on August 30, 1992, Nicole Lewis on August 27, 1992, Paula Franklin on August 29, 1992. The defendant was armed with a dangerous weapon, to wit: a gun on all occasions.

Evaristus Mackey
26836-034
United States Penitentiary
P.O. Box 5500
Adelanto, Ca. 92301

26

U.S. District Court
Eastern District Of La.
New Orleans, La. 70130

Legal Mail