# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit
**FILED**
April 21, 2008
Charles R. Fulbruge III
Clerk

No. 07-30372
Summary Calendar

UNITED STATES OF AMERICA

        Plaintiff-Appellee

v.

EVARISTUS B MACKEY, JR, also known as Reginald Fountain, also known as Reese Mackey

        Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:00-CR-316-ALL

Before STEWART, OWEN and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

    Evaristus B. Mackey, Jr., federal prisoner # 26836-034, moves to proceed in forma pauperis (IFP) to appeal from the district court's order denying his motion for resentencing pursuant to 18 U.S.C. § 3582(c)(2) and his motion to dismiss his indictment. The district court denied Mackey leave to proceed IFP on appeal, certifying that the appeal was not taken in good faith for the reasons stated in its order denying relief. By moving for leave to proceed IFP, Mackey

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

is challenging the district court's certification that his appeal was not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

In 2001, a jury found Mackey guilty of three counts of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and the district court sentenced him to a total of 327 months of imprisonment because Mackey was found to be an armed career criminal under 18 U.S.C. § 924(e). Mackey reiterates his claim that the indictment should be dismissed because the Government lacked standing and the district court lacked jurisdiction over his criminal prosecution. Sections 922(g)(1) and 924(e) specifically allow for the prosecution and enhanced punishment of persons such as Mackey who have been convicted of three violent felonies. Mackey's arguments to the contrary are nonsensical and frivolous.

Mackey repeats his claim that, under U.S.S.G. § 4B1.1 and amendment 433, he should not have been sentenced as an armed career criminal under the Guidelines and that he is entitled to resentencing under § 3582(c)(2). "Section 3582(c)(2) permits a district court to reduce a term of imprisonment when it is based upon a sentencing range that has subsequently been lowered by an amendment to the Guidelines, if such a reduction is consistent with the policy statements issued by the Sentencing Commission." *United States v. Gonzalez-Balderas*, 105 F.3d 981, 982 (5th Cir. 1997). Amendment 433, which was effective on November 1, 1991, preceded Mackey's sentencing and, therefore, cannot serve as the basis for a nonfrivolous § 3582(c)(2) motion.

Mackey has not shown that the district court's determination that his appeal would be frivolous was incorrect. Accordingly, his request for IFP is DENIED. *See Baugh*, 117 F.3d at 202 n.24. Because his appeal is frivolous, it is DISMISSED. 5TH CIR. R. 42.2.