UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO. 00-316** |
| **EVARISTUS B. MACKEY, JR.** | **SECTION: "D"** |

### ORDER AND REASONS

Before the Court is a Motion to Vacate, Set Aside, or Correct a Sentence pursuant to 28 U.S.C. § 2255, filed by Defendant Evaristus B. Mackey, Jr. ("Mackey").[1] The Government Opposes the Motion,[2] and Mackey has filed a Reply.[3] After careful consideration of the parties' memoranda, the facts, and the law, the Court **DENIES** the Motion.

### I. FACTUAL AND PROCEDURAL BACKGROUND

In September 2000, Mackey was a suspect in an investigation of a pair of armed robberies occurring in the French Quarter of New Orleans, Louisiana.[4] On September 15, 2000, while conducting a traffic stop, law enforcement officers identified Mackey, who was in possession of a firearm, and arrested him.[5] Mackey appeared before the duty magistrate judge for his detention hearing on September 18, 2000, in which the magistrate judge ordered Mackey's detainment.[6] On October 5, 2000, a federal grand jury indicted Mackey for a violation of 18 U.S.C. § 922(g)(1).[7] Thereafter, on December

---

[1] R. Doc. 210; R. Doc. 211.
[2] R. Doc. 212.
[3] R. Doc. 217.
[4] R. Doc. 86.
[5] *Id.*
[6] R. Doc. 85 at p. 1.
[7] R. Doc. 2.

28, 2000, the Government notified Mackey of an Armed Career Criminal sentencing enhancement pursuant to 18 U.S.C. § 924(e).[8]

A Second Superseding Indictment was issued against Mackey on February 22, 2001, in which the grand jury added two additional counts against Mackey for violations of 18 U.S.C. §§ 922(g)(1) and 924(e).[9] The above-captioned matter proceeded to trial on June 4, 2001, and the jury rendered a guilty verdict as to all three counts of the Second Superseding Indictment on June 5, 2001.[10] Judge Feldman sentenced Mackey to 327 months in prison on September 5, 2001.[11] Mackey appealed his sentence, and the Fifth Circuit affirmed his sentence on April 30, 2002.[12]

Mackey subsequently filed numerous motions to vacate, set aside, or correct a sentence pursuant to § 2255.[13] All motions were denied.[14] After considering the numerous motions, the Fifth Circuit personally sanctioned Mackey for frivolous and repetitive filings.[15] In fact, due to his failure to pay the sanctions, the Fifth Circuit barred Mackey "from filing in this court or in any court subject to this court's jurisdiction any challenge to this conviction or sentence until the sanction is paid in

---

[8] R. Doc. 9.
[9] R. Doc. 23.
[10] R. Doc. 50.
[11] R. Doc. 54. The Court notes that the Judgment states that "[t]he defendant has been convicted as charged of the offense(s) of 18 USC 922(9)(1) & 924(e) Felon in Possession of a Firearm as charged in Counts 1, 2 & 3 of the 3rd superseding indictment." R. Doc. 54 at p. 1. However, this appears to be an administrative oversight as there was not a third superseding indictment in this matter – only a second superseding indictment. *See* R. Doc. 23.
[12] R. Doc. 62. This matter was transferred to the undersigned on January 31, 2022. *See* R. Doc. 189.
[13] *See* R. Docs. 80, 82, 139, 148, and 161.
[14] *See* R. Docs. 86, 146, 151, and 166.
[15] R. Doc. 151 at p. 2; R. Doc. 177-2 at p. 2.

2

full, unless he first obtains leave of the court in which he seeks to file such challenge."[16]

Thereafter, Mackey continued to file motions challenging his sentence, and the Court denied the motions for failure to comply with the Fifth Circuit's order.[17] On August 5, 2022, the Fifth Circuit issued a notice advising the Court that Mackey paid his outstanding monetary sanctions.[18] After paying his monetary sanctions, Mackey mailed ten letters to the Court pertaining to his conviction and sentencing.[19] Giving rise to the instant Motion, Mackey sent a letter to the Court on July 2, 2024, which was entered into the record on July 8, 2024, seeking relief from his armed career criminal designation pursuant to the Supreme Court's decision in *United States v. Erlinger*.[20] On January 22, 2025, this Court issued an Order stating that, because Mackey's letter was filed within one year of the *Erlinger* decision, the Court construes it as a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 (the "Motion") and set forth a briefing scheduling pertaining to the Motion.[21]

In the Motion, Mackey asserts that his designation as an Armed Career Criminal Offender is invalid because he was unable to demand that the jury determine whether his prior offenses under the Armed Career Criminal Act were committed on separate occasions.[22] Thus, pursuant to *Erlinger*, Mackey alleges that

---

[16] R. Doc. 177-2 at p. 2.
[17] *See* R. Docs. 184, 186, 190, and 194.
[18] R. Doc. 195.
[19] R. Docs. 197, 198, 199, 200, 201, 202, 205, 206, 207, and 208.
[20] 602 U.S. 821 (2024); R. Doc. 208.
[21] R. Doc. 210.
[22] R. Doc. 211 at p. 2.

3

the Court must vacate his Armed Career Criminal Offender enhancement.[23] Mackey further argues that the Court should apply United States Sentencing Guideline Commission ("U.S.S.G.") Amendment 821 to reduce his offense level by two levels and grant him immediate release.[24] Thus, according to Mackey, his Motion should be granted.[25]

The Government opposes the Motion.[26] As an initial matter, the Government argues that because Mackey has already filed an appeal and filed numerous § 2255 motions, the Court should construe the instant Motion as a "second or successive" § 2255 motion that requires prior Fifth Circuit authorization to bring before this Court.[27] The Government contends that because "Mackey has not shown that the instant petition satisfies the requirements to file a second or successive § 2255 petition[,]" the Court "should dismiss this case for want of jurisdiction without prejudice to Mackey's right to submit a motion for leave to file a second or successive § 2255 motion with the U.S. Fifth Circuit Court of Appeals pursuant to 28 U.S.C. § 2244(b)(3)(A)."[28] In the alternative, the Government asserts that "this Court may transfer this petition to the U.S. Fifth Circuit for consideration as a motion for leave to file a second or successive petition."[29] Moreover, the Government claims that *Erlinger* does not apply retroactively and instead is a procedural rule that does not

---

[23] *Id.* at pp. 2–3.
[24] *Id.*; *see* R. Doc. 209.
[25] R. Doc. 211 at p. 2.
[26] R. Doc. 212.
[27] *Id.* at p. 4.
[28] *Id.* at p. 5.
[29] *Id.*

4

apply on collateral review of a sentencing.[30] Therefore, according to the Government, the instant Motion is time-barred pursuant to 28 U.S.C. §§ 2255(f)(3) and 2255(h) and should be dismissed "for want of jurisdiction or transfer[red] [] for consideration to the U.S. Fifth Circuit Court of Appeals."[31]

Mackey has filed a Reply.[32] As an initial matter, Mackey reurges his previous argument that there was no probable cause for his initial arrest.[33] Further, Mackey contends that the use of his state court convictions as predicate offenses under the Armed Career Criminal Act violates the Fifth Amendment's prohibition on "double jeopardy," as he alleges that he is being punished twice for his state court convictions in violation of his state court plea agreements.[34] Mackey also invokes U.S.S.G. Amendments 433 and 709 to contest the validity of his judgment and sentence.[35] Thus, according to Mackey, he should be released immediately.[36]

## II.   LEGAL STANDARD

Under 28 U.S.C. § 2255, a federal prisoner serving a court-imposed sentence "may move the court which imposed the sentence to vacate, set aside or correct the sentence."[37]  The statute sets forth four bases on which a motion may be made: (1)

---

[30] *Id.* at pp. 6–7.
[31] *Id.* at p. 8.
[32] R. Doc. 217.
[33] *Id.* at p. 3.
[34] *Id.* at pp. 4–5.
[35] *Id.* at pp. 5–6.
[36] *Id.* at p. 8. In addition to his Reply, Mackey filed an Affidavit in Support of the instant Motion on July 14, 2025. R. Doc. 222. Mackey sets forth a wide net of allegations challenging his judgment and sentence. He raises an ineffective assistance of counsel claim, a "defective sentence" claim arising from a defective indictment, a claim for a violation of the prohibition on double jeopardy, a claim for an illegal search and seizure of the trunk of his car commencing at the time of his arrest, and a claim alleging that law enforcement lacked Article III standing to file a criminal complaint against him. R. Doc. 222 at pp. 2–19.
[37] 28 U.S.C. § 2255(a).

the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court lacked jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence "is otherwise subject to collateral attack."[38] "'Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice.'"[39]

The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a "gatekeeping mechanism for the consideration of second or successive filings in the federal courts."[40] "A defendant is generally permitted only one motion under § 2255 and may not file successive motions without first obtaining this Court's authorization."[41] 28 U.S.C. § 2255(h) provides that:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
> **(1)** newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> **(2)** a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.[42]

---

[38] *Id.*
[39] *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (quoting *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir. 1994)).
[40] *Bowe v. United States*, No. 24-5438, 2026 WL 70342, at *6 (U.S. Jan. 9, 2026)(citation modified).
[41] *United States v. Hernandes*, 708 F.3d 680, 681 (5th Cir. 2013)(citing 28 U.S.C.§ 2255(h)).
[42] 28 U.S.C. § 2255(h); *see Bowe*, 2026 WL 70342, at *15 ("the best textual reading of both § 2255(h) and § 2244(b) is that, when a federal prisoner moves for authorization, a panel can authorize the filing if it satisfies one of the two grounds in § 2255(h), the two—and only two—conditions in which a second or successive § 2255 motion may proceed.")(citation modified).

Cross referenced in § 2255(h), 28 U.S.C. § 2244(b)(3)[43] provides, in pertinent part:

> **(A)** Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
>
> **(B)** A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
>
> **(C)** The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
>
> **(D)** The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.[44]

Thus, "§ 2244(b)(3)(A) acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until this court has granted the petitioner permission to file one."[45]

### III.   ANALYSIS

Mackey asserts that the Supreme Court's decision in *Erlinger* requires the Court to vacate his designation as an Armed Career Criminal Offender, thereby

---

[43] In *Bowe*, the Supreme Court determined that only §§ 2244(b)(3)(A) – (b)(3)(D) are cross-referenced in § 2255(h). *See Bowe*, 2026 WL 70342, at *10–16.

[44] 28 U.S.C. §§ 2244(b)(3)(A) – (b)(3)(D). The Supreme Court has held that §§ 2244(b)(3)(A) – (b)(3)(D) "all describe the procedures that a panel must follow in certifying a second or successive filing, and are therefore incorporated by § 2255(h)'s cross-reference." *Bowe*, 2026 WL 70342, at *10. However, "§ 2244(b)(1) does not apply to second or successive motions filed by federal prisoners challenging their convictions or sentences under § 2255(h)." *Id.* at *16. Nor does § 2244(b)(2). *Id.* at *14 ("The upshot of *amicus*'s argument would therefore be that § 2255(h) incorporates not only § 2244(b)(1)'s old-claim bar, but also § 2244(b)(2)'s substantive gatekeeping requirements for new claims. Section 2255(h), however, contains its own substantive requirements that are irreconcilable with those in § 2244(b).").

[45] *U.S. v. Key*, 205 F.3d 773, 774 (5th Cir. 2000).

entitling him to immediate release.[46] The Government, in opposition, asserts that the Court should construe the instant Motion as a successive § 2255 Motion and thus dismiss the Motion or transfer it to the Fifth Circuit for consideration.[47] Having previously converted Mackey's July 2, 2024 Letter to the Court as a Motion to Vacate, Set Aside, or Correct Sentence under § 2255,[48] the Court agrees with the Government.

The Court first determines whether Mackey's Motion is successive under § 2255. The phrase "second or successive" under the AEDPA "is a term of art—later-in-time petitions are not always 'second or successive.'"[49] "Instead, a later petition is successive when it: 1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ."[50] Here, Mackey raises a claim pursuant to *Erlinger* for the first time. While Mackey raises a claim that could not have been raised in an earlier petition, "the timing of [a] decision[] alone does not render [Mackey's] petition non-successive."[51]

---

[46] R. Doc. 211.
[47] R. Doc. 212.
[48] R. Doc. 210. The Supreme Court has stated that when a court recharacterizes a *pro se* litigant's motion a first motion under § 2255, "the district court must notify the *pro se* litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on second or successive motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has. If the court fails to do so, the motion cannot be considered to have become a § 2255 motion for purposes of applying to later motions the law's second or successive restrictions." *Castro v. U.S.*, 540 U.S. 375, 383 (2003)(citation modified). Such specific notice, however, is not required where a litigant has previously filed § 2255 motions. *See In re Nailor*, 487 F.3d 1018, 1023 n.3 (6th Cir. 2007); *U.S. v. Nelson*, 465 F.3d 1145, 1149 (10th Cir. 2006). Such is the case here, as Mackey has previously filed numerous § 2255 motions. *See* R. Docs. 80, 82, 139, 148, and 161. Nonetheless, the Court provided notice to Mackey on January 22, 2025. *See* R. Doc. 210.
[49] *United States v. Muhammad*, 124 F.4th 955, 956 (5th Cir. 2025)(quoting *Magwood v. Patterson*, 561 U.S. 320, 331–32 (2010)).
[50] *U.S. v. Fulton*, 780 F.3d 683, 685 (5th Cir. 2015) (citation modified).
[51] *Id.*

8

Mackey is once again challenging his September 5, 2001 judgment that resulted in his sentence of imprisonment. He has already done so several times before,[52] and Judge Feldman's January 15, 2004 Order and Reasons denied Mackey's § 2255 motion on the merits.[53] Insofar as Mackey invokes U.S.S.G. Amendments 433 and 709 in support of his Motion, the Court notes that such claims could have been raised in his prior § 2255 motions, thereby making such claims successive.[54] Furthermore, to the extent Mackey relies on Amendment 821 to argue that the Court should grant him release, the Court has previously denied Mackey's request for a sentence reduction under Amendment 821.[55] Thus, the Court determines that Mackey's Motion is successive because it is attacking the same September 5, 2001 judgment that has been attacked in his prior motions.[56]

Having determined that the Motion is successive, the Court turns to the requirement that before filing a successive § 2255 motion with the district court, "an applicant must first obtain authorization from the court of appeals. The lack of such authorization is a jurisdictional bar to the district court's consideration, and a district

---

[52] *See* R. Docs. 80, 82, 139, 148, and 161.
[53] Judge Feldman held that "[t]he Court finds that all of the petitioner's claims, except the ineffective assistance of counsel claim, are barred for failing to show either 'cause' or 'prejudice.' The Court further finds that counsel's performance did not violate the petitioner's Sixth Amendment right to effective counsel. The Court further finds that each of the barred claims is also meritless." R. Doc. 86 at pp. 17–18.
[54] Amendment 433 became effective on November 1, 1991. *See U.S. v. Fair*, No. 97-20206., 1997 WL 533548, at *1 (5th Cir. Aug. 15, 1997)("Amendment 433 . . . became effective November 1, 1991."). Amendment 709 became effective on November 1, 2007. *See U.S. Bogard*, 436 Fed. Appx. 354, 355 (5th Cir. 2011)("The effective date of Amendment 709 was November 1, 2007 . . . .").
[55] R. Doc. 208.
[56] As it pertains to Mackey's claims set forth in a supplemental brief, via an Affidavit, the Court notes that it has not granted Mackey leave of court for supplemental briefing. *See supra* note 36. The Court therefore does not consider such claims as they are improperly before the Court. Nonetheless, the Court notes its serious skepticism as to the merits of each claim in the Affidavit, as the claims bear resemblance to "Mackey's trademark incomprehensible requests for relief [.]" R. Doc. 184 at p. 2 n.2.

court may dispose of applications lacking authorization through dismissal."[57] "Alternatively, a district court may transfer a petition lacking authorization to this court for want of jurisdiction upon a finding that the petition is successive."[58] Here, because Mackey has failed to first obtain authorization from the Fifth Circuit, the Court determines that it lacks jurisdiction over the instant Motion. Accordingly, the Court transfers the instant Motion to the Fifth Circuit.[59]

### IV. CONCLUSION

For the reasons set forth above,

**IT IS HEREBY ORDERED** that Defendant's Motion to Vacate, Set Aside, or Correct a Sentence pursuant to 28 U.S.C. § 2255[60] is **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit.

New Orleans, Louisiana, February 18, 2026.

_____
**WENDY B. VITTER**
**United States District Judge**

---

[57] *U.S. v. Fulton*, 780 F.3d 683, 686 (5th Cir. 2015).
[58] *Id.*
[59] *See In re Hartzog*, 444 Fed. Appx. 63, 65 (5th Cir. 2011)("If a second or successive section 2255 motion is filed in the district court before leave of this Court has been obtained, the district court may either dismiss the motion for lack of jurisdiction, or it may transfer the motion to this Court.").
[60] R. Doc. 211.